■ JOE M. BAILEY, III, Respondent-Appellant, v HASSAN HAMMEDANI, Appellant-Respondent. [660 NYS2d 85] —Spain, J. Cross appeals from an order of the Supreme Court (Caruso, J.), entered April 4, 1996 in Schenectady County, which partially granted defendant's motion for summary judgment dismissing the complaint.

Defendant owned land in the Town of Clifton Park, Saratoga County, and contracted with various subcontractors to construct a new one-family home on the property. Plaintiff, an employee of defendant's framing subcontractor, was injured when he lost his balance and slid off the edge of the roof of defendant's garage while dismantling a bracket scaffolding and partially landed in a pile of lumber which was stacked in front of the garage door.

Plaintiff commenced this action against defendant alleging causes of action under Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and the completion of discovery, defendant moved for summary judgment dismissing the complaint, contending, *inter alia,* that he was entitled to the homeowner's exception contained in Labor Law § 240 (1) and § 241 (6) and that, because he did not supervise or control plaintiff's work and had no notice of any defects, he could not be held liable under Labor Law § 200. Plaintiff cross-moved for summary judgment on the Labor Law § 240 (1) and § 241 (6) causes of action. Supreme Court denied plaintiff's cross motion, granted defendant's motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action, but denied the motion as to the Labor Law § 200 claim, concluding that a question of fact existed as to whether defendant had notice of the allegedly unsafe condition due to the presence of lumber stacked close to the garage and whether its presence was a substantial factor in causing or aggravating plaintiff's foot injury. Both parties appeal.

We find merit in defendant's contention that Supreme Court erred in denying that portion of the motion seeking dismissal of plaintiff's Labor Law § 200 cause of action. Labor Law § 200 codifies an owner's common-law duty to provide workers with a safe place to work (*see, Jock v Fien,* 80 NY2d 965, 967); however, "[w]here the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876,

877). Significantly, the Court of Appeals has found that the authority to control the operation is a precondition to establishing liability (*see, id.,* at 877). Here, the record is devoid of any evidence that defendant had any authority to control, supervise or direct plaintiff in the performance of his work (*see, id.; Russin v Picciano & Son,* 54 NY2d 311); accordingly, we find plaintiff's Labor Law § 200 cause of action deficient as a matter of law (*see, Macutek v Lansing,* 226 AD2d 964).

Finally, plaintiff's appeal of the denial of his cross motion is deemed abandoned as plaintiff has failed to serve and file a brief within nine months of the date of his notice of appeal (*see,* 22 NYCRR 800.12).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiff's Labor Law § 200 cause of action; motion granted to that extent, summary judgment awarded to defendant and said cause of action dismissed; and, as so modified, affirmed.