■ KEVIN J. YOUNG et al., Appellants, v BARDEN & ROBESON CORPORATION, Doing Business as BARDEN HOMES AND/OR BARDEN HOMES CONSTRUCTION DIVISION, Defendant and Third-Party Plaintiff-Respondent. OTTENSCHOT CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. [669 NYS2d 389] —White, J. Appeal from an order and judgment of the Supreme Court (Rumsey, J.), entered January 7, 1997 in Cortland County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

In March 1992 defendant, acting as its own general contractor for a multiphase housing development on land it owned in the City of Cortland, Cortland County, entered into a subcontract with third-party defendant, the employer of plaintiff Kevin J. Young (hereinafter plaintiff), for the clearing of land for road construction. On March 18, 1992 plaintiff was operating a bulldozer on the construction site when he observed a co-worker, who was at ground level cutting down a tree, waving at him. Noticing that the co-worker's chain saw was pinched in the tree, plaintiff got off the bulldozer and brought another chain saw to the co-worker. As plaintiff was returning to the bulldozer, the tree fell striking him on the head and shoulders. Thereafter, plaintiff and his wife, derivatively, commenced this personal injury action alleging causes of action in negligence and predicated upon Labor Law §§ 200 and 240 (1). Following the completion of the parties' pretrial depositions, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on their Labor Law § 240 (1) cause of action. Supreme Court granted defendant's motion, prompting this appeal.

Inasmuch as the removal of the tree was an integral part of the site preparation for a proposed road, plaintiff may be entitled to the protections afforded by Labor Law § 240 (1) if the hazard he encountered falls within its scope (*see, Lombardi v Stout*, 80 NY2d 290, 297; *Mamo v Rochester Gas & Elec. Corp.*, 209 AD2d 948, *lv dismissed* 85 NY2d 924). It is now well established that Labor Law § 240 (1) does not encompass every hazard or danger present in a construction zone; rather, its reach is limited to such specific gravity-related accidents as

falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Clearly, plaintiff's accident is outside the scope of Labor Law § 240 (1) since the tree had neither been hoisted nor secured at a level above the work site prior to its unexpected fall (*see, Lysiak v Murray Realty Co.*, 227 AD2d 746, 748). Further, plaintiff and his co-worker were working at ground level at the time of the accident (*see, Misseritti v Mark IV Constr. Co., supra*, at 491). Accordingly, Supreme Court properly dismissed this cause of action.

Likewise, Supreme Court properly dismissed plaintiffs' negligence and Labor Law § 200 causes of action since the record discloses that the alleged dangerous condition arose from the subcontractor's methods and that defendant did not exercise supervisory control over the removal of the tree or any aspect of plaintiff's activities (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Bailey v Hammedani*, 241 AD2d 645, 646).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, with one bill of costs.