■ RICHARD KAMMERER, JR., Appellant, v ZDZISLAW BASKEWICZ, Respondent. [684 NYS2d 30] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 20, 1998 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant is the owner of a single-family dwelling located in the Town of Freehold, Greene County. In December 1994, defendant engaged plaintiff, a local carpenter, to install gutters on his home. Plaintiff agreed to visit the premises on December 21, 1994 to determine the extent of the work necessary and prepare an estimate. On the morning of that day, defendant placed his aluminum extension ladder against the roof of the house and left for work. When plaintiff arrived at defendant's house, he climbed the ladder to begin his assessment of the job. While plaintiff stood on the seventh or eighth rung, the ladder began to slide and, as he grabbed for the edge of the roof, both the ladder and plaintiff fell to the ground.

Thereafter, plaintiff commenced this action alleging causes of action under Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence, premised upon the theory that defendant, as owner and contractor, failed to furnish a safe climbing apparatus. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

We affirm. While Labor Law § 240 (1) and § 241 (6) impose nondelegable duties upon contractors, owners and their agents to comply with various safety practices for the protection of those workers engaged in construction-related activities, such statutes also exempt the "owners of one and two-family dwellings who contract for but do not direct or control the work"

(Labor Law § 240 [1]; § 241) from the duties imposed thereunder (*see, Jenkins v Jones*, 255 AD2d 805). Here, although defendant left a ladder at his residence for use by plaintiff, there is no evidence that he directed plaintiff how to use the ladder or how to estimate and execute the job to be undertaken. Indeed, defendant was not even present at the time the accident occurred. The mere fact that defendant provided a ladder for plaintiff's use does not serve as a predicate for liability (*see, Patterson v Pasa*, 203 AD2d 866, 867).

Plaintiff seeks to avoid the effect of the statutory exemption upon the basis that defendant had been engaged in an ongoing renovation of the house, performing a great deal of the work himself or with a carpenter friend. As such, reasons plaintiff, defendant was a contractor in charge of and responsible for the safety of the work site. We disagree. We previously have held that the exemption is not vitiated by reason of a homeowner engaging in construction work on the premises unrelated to that undertaken by a plaintiff (*see, Van Alstine v Padula*, 228 AD2d 909, 911, *appeal dismissed* 89 NY2d 858).

We also reject plaintiff's contention that Supreme Court erred in dismissing his Labor Law § 200 and common-law negligence causes of action. There is no evidence that defendant supervised or controlled the performance of plaintiff's work, nor is there evidence that he had knowledge of any hazard not inherent in the work performed (*see, Patterson v Pasa, supra*, at 867; *Stephens v Tucker*, 184 AD2d 828, 829). Finally, insofar as plaintiff's complaint may be read as claiming a defect in the ladder, there is no record evidence to sustain such a claim.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.