◼ NOEL MURRAY, Appellant, v SOUTH END IMPROVEMENT CORPORATION et al., Respondents. [693 NYS2d 264] —Graffeo, J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 15, 1998 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

Defendants Douglas Brown and Joyce Brown, owners of a home in the City of Albany, applied to defendant South End Improvement Corporation (hereinafter SEIC) for monetary assistance in painting the exterior of their home. SEIC, a not-for-profit corporation which administered funding to enable city residents to rehabilitate their homes, approved the Browns' application. Plaintiff submitted the lowest bid for the job and, in accordance with the program's procedures, he contracted with the Browns to paint the exterior of their home pursuant to a "paint program agreement".

At the time of the accident, plaintiff was on his ladder and in the process of painting the front portion of the house when he was attacked by bees. As he attempted to thwart the onslaught by swatting the insects, the ladder slid from under him and he fell to the ground. Although plaintiff had sprayed insecticide to protect himself while engaged in scraping the paint from the back and sides of the house, he did not observe any bees in the front of the house and therefore did not use the insecticide in this area.

Plaintiff commenced this action seeking recovery for injuries he sustained as the result of his fall, alleging violations of Labor Law §§ 200, 240 and 241, as well as common-law negligence, premised upon defendants' failure to furnish proper safety equipment and provide adequate warning with respect to the presence of bees. SEIC and the Browns moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motions and this appeal ensued.

Although Labor Law § 240 (1) and § 241 (6) impose a duty

upon owners and general contractors to furnish or erect suitable safety devices to protect workers from risks associated with construction-related activities, owners of one and two-family dwellings are exempt from these requirements unless they directed or controlled the work being performed (Labor Law § 240 [1]; § 241 [6]). We concur with Supreme Court in its award of summary judgment to the Browns. Because there is no indication in the record that the Browns, as owners of the single-family residence, controlled or supervised the method or manner in which the work was being performed by plaintiff, the Labor Law § 240 (1) and § 241 (6) causes of action were properly dismissed (*see, Kammerer v Baskewicz*, 257 AD2d 811; *Jenkins v Jones*, 255 AD2d 805, 806-807; *Krawiecki v Cerutti*, 218 AD2d 323, 326).

Plaintiff's common-law negligence and Labor Law § 200 causes of action were also subject to dismissal. Labor Law § 200, a codification of landowners' and general contractors' common-law duty to provide a safe place to work (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505), imposes liability where the owner supervised or controlled the work performed or had actual or constructive notice of the unsafe condition which allegedly caused the accident (*see, Jenkins v Jones, supra*, at 807; *Bailey v Hammedani*, 241 AD2d 645, 645-646; *Douglas v Beckstein*, 210 AD2d 680, 682; *Reyes v Silfies*, 168 AD2d 979, 980). Here, it is clear that plaintiff was not subject to the supervision or control of the Browns and was responsible for utilizing his own ladders, ropes, paint and other materials (*see, Douglas v Beckstein, supra*, at 682). Lastly, we reject plaintiff's contention that the Browns were negligent in failing to warn plaintiff of the bees. The record reveals that the Browns had no knowledge of a beehive or wasp nest in the front portion of their house and there was no evidence adduced to support a finding that they should have known of such condition (*see, Saland v Village of Southhampton*, 242 AD2d 568, *lv denied* 91 NY2d 803; *Tobar v City of New York*, 146 AD2d 694, 695).

Plaintiff also argues that Supreme Court erroneously granted SEIC's motion for summary judgment based on the contention that SEIC was an agent of the Browns and exercised substantial control over the project. We disagree. A third party may be held liable only if it was acting as an agent of the owner or general contractor " 'by virtue of the fact that they had been given the authority to supervise and control the work being performed' " (*Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866; *accord, Walsh v Sweet Assocs.*, 172 AD2d 111, 113, *lv*

*denied* 79 NY2d 755). Pursuant to the rehabilitation program, SEIC merely administered the program and only had the authority to conduct three routine inspections to review compliance with program guidelines.

A review of the record reveals that SEIC did not provide equipment, supplies, instruction or supervision. In addition, SEIC did not have the authority to supervise or control the manner in which plaintiff performed his duties at the worksite and, therefore, was not an agent of the Browns (*see, Currie v Scott Contr. Corp.*, 203 AD2d 825, 826, *lv dismissed* 84 NY2d 977). Moreover, SEIC's involvement was clearly insufficient to impose liability based on Labor Law § 240 (1) and § 241 (6) (*see, Kammerer v Baskewicz, supra,* at 31), or Labor Law § 200 and common-law negligence (*see, Decotes v Merritt Meridian Corp., supra; Bailey v Hammedani, supra,* at 645-646). Under these circumstances, we conclude that summary judgment in favor of defendants was appropriate.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.