■ PETER MILLER, Appellant, v ROBERT TRUDEAU, Respondent. [704 NYS2d 727] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 16, 1999 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff allegedly sustained certain injuries in September 1997 when he fell from a ladder while performing roofing work on an addition to defendant's one-family residence. Plaintiff thereafter commenced this action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion and denied plaintiff's cross motion, prompting this appeal.

We affirm. Both Labor Law § 240 (1) and § 241 expressly exempt the "owners of one and two-family dwellings who contract for but do not direct or control the work" from the duties imposed thereunder. Plaintiff argues that defendant is not entitled to such exemption, however, because defendant provided a ladder for plaintiff's use, performed much of the construction work on the addition, maintained a professional office on the premises and otherwise exercised control and supervision over plaintiff's work. We cannot agree.

"The mere fact that defendant provided a ladder for plaintiff's use does not serve as a predicate for liability" (*Kammerer v Baskewicz*, 257 AD2d 811, 812) and, although defendant and his grandsons indeed performed most of the construction work on the addition, there is no indication in the record that defendant directed or controlled the manner in which plaintiff performed the roofing work (*see, id.*, at 812). As to the presence of a professional office in the home, it is well settled that the existence of both a residential and a commercial use on the property does not automatically disqualify the homeowner from invoking the cited exemption (*see, Yerdon v Lyon*, 259 AD2d 864, 865, *lv denied* 94 NY2d 754). Where, as here, the record plainly demonstrates both the residential use of the home and the residential nature of the addition, the presence of the professional office on the premises is an insufficient basis upon which to deny defendant the benefit of the exemption. Finally, as to the issue of supervision and control, the record reveals that defendant, who was not present on the day that plaintiff fell, did not provide plaintiff with any plans or instructions

regarding the roofing work; the record further reflects that plaintiff furnished his own tools and that his employer provided the materials. Under such circumstances, Supreme Court properly invoked the statutory exemption and dismissed plaintiff's claims under Labor Law §§ 240 and 241.

We reach a similar conclusion with respect to plaintiff's common-law negligence and Labor Law § 200 claims. Again, there simply is no evidence that defendant supervised or controlled plaintiff's work, nor is there any indication that defendant had any knowledge of a hazard not inherent in the work being performed or of any defect in the ladder itself (*see*, *Douglas v Beckstein*, 210 AD2d 680, 682). Accordingly, Supreme Court's order granting defendant's motion for summary judgment dismissing the complaint is affirmed.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.