■ CHARLES CLARK, JR., Respondent, v KEITH MANN, JR., Appellant, et al., Defendants. [720 NYS2d 641] —Crew III, J. Appeal from that part of an order of the Supreme Court (Moynihan, Jr., J.), entered May 25, 2000 in Washington County, which partially denied defendant Keith Mann, Jr.'s motion for summary judgment dismissing the complaint against him.

Plaintiff, a laborer who was injured in a construction-site accident when he fell from the top of a foundation wall while attempting to remove forms, commenced this personal injury action against, among others, defendant Keith Mann, Jr. (hereinafter defendant) alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendant owned the site where a one-family log home was being constructed for use as a personal residence, and plaintiff was an employee of the contractor hired by defendant to install the foundation. Upon defendant's motion for summary judgment dismissing the complaint, Supreme Court granted the motion with regard to the common-law negligence and Labor Law § 200 causes of action but denied the motion as to the remaining Labor Law causes of action, prompting this appeal by defendant.

We agree with defendant that as the owner of a one-family dwelling who contracted for but did not direct or control the work, he is entitled to the exemption contained in Labor Law § 240 (1) and § 241 (6). The fact that defendant hired contractors and scheduled their work, effectively acting as his own general contractor, does not render the statutory exemption

inapplicable (*see, Feltt v Owens*, 247 AD2d 689, 690; *Lane v Karian*, 210 AD2d 549). Nor is the exemption inapplicable merely because defendant performed much of the construction of the log home himself (*see, Miller v Trudeau*, 270 AD2d 683; *Kammerer v Baskewicz*, 257 AD2d 811, 812), particularly in view of defendant's undisputed testimony that his work on the dwelling itself began with the installation of decking on the *completed* foundation. Although defendant hired plaintiff's employer to install the foundation and provided the contractor with blueprints that he purchased as part of the log home kit, the record reflects that defendant had nothing to do with the method or manner in which the foundation work was performed. Although plaintiff testified that defendant was present at the time of the accident, plaintiff also testified that he was supervised by his employer's foreman, obtained necessary tools from his employer and received no instructions from defendant (*see, Jenkins v Jones*, 255 AD2d 805, 806). In short, defendant's involvement in the work on the foundation was no more extensive than would be expected of the ordinary homeowner and, therefore, defendant was entitled to summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action (*see, e.g., Lane v Karian, supra*, at 550).

Cardona, P. J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Keith Mann, Jr., by reversing so much thereof as partially denied said defendant's motion; motion granted in its entirety, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.