Mitchell L. Soskin et al., Appellants, v Daniel G. Scharff et al., Respondents, et al., Defendant. [766 NYS2d 248] —Spain, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered March 14, 2002 in Ulster County, which, inter alia, granted certain defendants' motions for summary judgment dismissing the complaint against them.

Defendants Daniel G. Scharff (hereinafter Scharff) and Sherri Scharff purchased a modular home and assembled it on their property. Scharff hired various contractors to perform different tasks to complete the house and undertook some of the work himself. He hired defendant Thomas J. Halliday, Jr. on an hourly basis to complete certain projects and Halliday, in turn, engaged subcontractors, including his brother, defendant

John Halliday, to assist with specific projects which Thomas Halliday had agreed to complete. Scharff also contracted directly with John Halliday to install sheetrock on the second floor of the house. Plaintiff Mitchell L. Soskin (hereinafter plaintiff) was hired by John Halliday to assist in the installation of the sheetrock. While thus engaged, plaintiff was struck down and knocked off a balcony by falling slabs of sheetrock which had been stacked against the wall studs on the second floor. No banister or railing around the balcony existed at that point, and plaintiff fell to the first floor, sustaining substantial injuries to his ankle. The slabs of sheetrock tipped over when John Halliday was attempting to push a box through the studs of the wall against which the slabs were leaning.

Plaintiff and his wife, derivatively, commenced this action against the Scharffs, Thomas Halliday (individually and doing business as Halliday Construction) and John Halliday, alleging violations of Labor Law §§ 200, 240, 241 and common-law negligence. The Scharffs moved for summary judgment dismissing the complaint against them, as did Thomas Halliday and Halliday Construction. Plaintiffs also cross-moved for summary judgment. Supreme Court denied plaintiffs' cross motion, granted the motion of the Scharffs, Thomas Halliday and Halliday Construction (hereinafter collectively referred to as defendants) and dismissed the complaint against them.* Plaintiffs appeal.

First, we address plaintiffs' contention that their claims against Thomas Halliday and Halliday Construction should not have been dismissed on the premise that Thomas Halliday had the authority to direct and control John Halliday's work and thus had a nondelegable duty to enforce safety standards under Labor Law § 240 (1) and § 241 (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]; Lieberth v Walden, 223 AD2d 978, 979 [1996]). The uncontroverted evidence submitted in support of defendants' motions demonstrates that, with regard to the sheetrocking, John Halliday contracted directly with Scharff, and Thomas Halliday exercised no supervision or control over that project. Indeed, although on appeal plaintiffs complain that "defendants' assertion that John Halliday contracted directly with Scharff to perform the sheetrock work—bypassing his brother's company—strains credulity," the affidavit of plaintiffs' attorney submitted in support of their cross motion for summary judgment directly acknowledges that John Halliday had two distinct roles at the work site: he worked as a subcontractor for his brother on certain

* John Halliday has defaulted in this action.

projects and he also "worked directly for Scharff to do the installation of the sheetrock."

Moreover, plaintiffs failed to submit any evidence controverting defendants' assertions that Thomas Halliday was not acting as general contractor on the project. It is uncontested that Thomas Halliday was hired on an hourly basis to complete specific aspects of the on-going construction and that he played no role in supervising the sheetrocking project or any of the other work site contractors, with the exception of the subcontractors he hired to assist him with those projects he had agreed to complete. Accordingly, inasmuch as liability under Labor Law §§ 240 and 241 does not attach "to prime contractors having no authority to supervise or control the work being performed at the time of injury," Supreme Court properly dismissed those statutory claims against Thomas Halliday and Halliday Construction (*Hornicek v William H. Lane, Inc.,* 265 AD2d 631, 632 [1999]; *see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]). Likewise, the claims against Thomas Halliday and his company premised on Labor Law § 200 and sounding in common-law negligence were properly dismissed because "prime contractors incur no liability for personal injuries arising out of work not specifically delegated to them" (*Russin v Picciano & Son,* 54 NY2d 311, 315 [1981]; *see Comes v New York State Elec. & Gas Corp., supra* at 877; *Lombardi v Stout,* 80 NY2d 290, 294 [1992]).

Supreme Court also correctly dismissed plaintiffs' Labor Law §§ 240 and 241 claims against the Scharffs. Those statutes specifically exempt from liability the owners of one- and two-family homes (*see* Labor Law § 240 [1]; § 241; *Sarvis v Maida,* 173 AD2d 1019, 1020 [1991]), unless the owners direct or control the plaintiff's performance of the work at the time of the accident (*see Clark v Mann,* 280 AD2d 866, 866 [2001]). Although prima facie evidence exists that Scharff was acting as his own general contractor, that fact will not bar application of the single-family homeowner exemption so long as he did not control or direct the method or manner of the work being performed by plaintiff at the time of the injury (*see Feltt v Owens,* 247 AD2d 689, 690 [1998]; *Van Alstine v Padula,* 228 AD2d 909, 910 [1996], *appeal dismissed* 89 NY2d 858 [1996]; *Krawiecki v Cerutti,* 218 AD2d 323, 326 [1996]).

Here, plaintiffs rely on admissions by Scharff that he hired contractors, scheduled the work in progress by the different contractors, worked on the site himself and gave general direction to Thomas Halliday. The Scharffs, however, maintain that Scharff in no way directed or controlled the project undertaken

by John Halliday to install the sheetrock, and rely on evidence that Scharff hired John Halliday to install the sheetrock for a fixed lump sum, was not present on the day of the accident and did not instruct John Halliday with regard to the method or means of completion of the project. Because plaintiffs failed to rebut this evidence, Supreme Court correctly held that the Scharffs were exempt from liability under Labor Law §§ 240 and 241 as a matter of law (*see Clark v Mann, supra* at 867; *Sarvis v Maida, supra* at 1021).

We do find merit, however, in plaintiffs' argument that the Labor Law § 200 and common-law claims should not have been dismissed against the Scharffs. Under common-law negligence principles, and pursuant to Labor Law § 200, a landowner has a duty "to provide workers with a reasonably safe place to work" (*Lombardi v Stout, supra* at 294). However, "[a]n implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury'" (*Comes v New York State Elec. & Gas Corp., supra* at 877, quoting *Russin v Picciano & Son, supra* at 317 [1981]). Supreme Court dismissed these claims on the ground that "[w]here the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp., supra* at 877; *Lombardi v Stout, supra* at 295).

While we agree that the Scharffs established that they did not supervise or control the installation of the sheetrock, on this record we cannot find, as a matter of law, that the alleged injury arose solely from the methods employed by John Halliday to install the sheetrock (*cf. Lombardi v Stout, supra* at 295). Plaintiffs allege that the work site was unsafe by virtue of the unprotected balcony and rely on evidence suggesting that Scharff was aware of and maintained control over that aspect of the construction. Nor can we find, as a matter of law, that any other recognized exception to an owner's duty to provide a safe work site applies to the facts alleged here. This is not a situation involving a plaintiff's failure to appreciate an open and obvious danger (*cf. D'Egidio v Frontier Ins. Co.,* 270 AD2d 763, 764 [2000], *lv denied* 95 NY2d 765 [2000]; *Gavigan v Bunkoff Gen. Contrs.,* 247 AD2d 750, 751 [1998], *lv denied* 92 NY2d 804 [1998]), nor is it a hazard which can be said to be "part of or inherent in the very work which the contractor is to perform" (*Gasper v Ford Motor Co.,* 13 NY2d 104, 110 [1963]; *see Stephens v Tucker,* 184 AD2d 828, 829 [1992]). Thus, al-

though a trier of fact may ultimately determine that it was not unreasonable to leave the balcony unprotected at this stage of construction, that is a factual determination which cannot be resolved on summary judgment.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants Daniel G. Scharff and Sherri Scharff for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against them; said motion denied to that extent; and, as so modified, affirmed.