■ SHAWN ADAIR, Appellant-Respondent, v BBL CONSTRUCTION SERVICES, LLC, et al., Respondents, and PRECISION CONCRETE PUMPING, INC., Respondent-Appellant. [809 NYS2d 592]—

Carpinello, J. Cross appeals from a judgment of the Supreme Court (Cannizzaro, J.), entered February 11, 2005 in Albany County, which, inter alia, partially denied plaintiff's motion for leave to amend the complaint and denied a cross motion by defendant Precision Concrete Pumping, Inc. for summary judgment dismissing the complaint against it.

Plaintiff commenced this action to recover for an injury to his eye as a result of an incident while he was employed as a laborer for Arcon Construction Company on a school renovation project. Specifically, in attempting to unclog a pipeline that was being used to pour concrete,[1] concrete exploded in plaintiff's face. At issue on appeal is a decision of Supreme Court granting summary judgment to defendant Barry, Bette and LaDuke, Inc. (hereinafter BBL),[2] which served as the construction manager on the project, denying summary judgment to defendant Precision Concrete Pumping, Inc., the Arcon subcontractor who provided the truck and equipment for the concrete pour, and partially denying plaintiff's motion for leave to amend his complaint. Upon our review of the record, we affirm in all respects.

1. The precise manner of the accident is somewhat contradicted. According to plaintiff and another Arcon employee, plaintiff himself loosened the clamp which resulted in the explosion of concrete. Plaintiff's brother, who was also employed by Arcon, testified that he in fact loosened the clamp. This factual dispute has no bearing on the precise issues on appeal.

2. Summary judgment was properly granted to defendant BBL Construction Services, LLC as the record establishes that this particular entity did not enter into a contract with the site owner.

Plaintiff and Precision contend that Supreme Court erred in granting summary judgment to BBL because issues of fact exist regarding the extent to which it had authority to supervise, direct and control the concrete pour that resulted in plaintiff's injury. We are unpersuaded. Notably, BBL had no contractual relationship with either Arcon or Precision. Rather, it served as the construction manager on the project pursuant to a contract with the project owner. Pursuant to this contract, BBL was primarily responsible for ensuring that all contractors performed in accordance with the plans and specifications, for coordinating the safety programs of the contractors and for ensuring that the project proceeded as scheduled. However, this contract specifically withheld from BBL any authority to control either the contractors' work methods or safety programs.

Furthermore, the examination before trial testimony of several Arcon employees, as well as BBL's on-site field manager, similarly established a lack of supervision or control on the part of BBL with respect to the work being performed by plaintiff. These witnesses unequivocally established that BBL neither provided labor or material for Arcon nor provided direction to Arcon employees as to how to perform their jobs. Since the contractual provisions between BBL and the project owner, as well as the testimony of these witnesses, establish that BBL had no supervisory control or authority over the work being done by plaintiff, there is no statutory agency conferring liability under Labor Law § 241 (6) (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]). For the same reasons, and for the additional reason that BBL neither created the dangerous condition that injured plaintiff nor had actual or constructive notice of it, no liability may be imposed against it for any alleged common-law negligence (*see e.g. Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]).

As evidence of control on the part of BBL, plaintiff and Precision rely on the fact that BBL's on-site field manager insisted that the concrete pour take place that day despite a mix-up in the order from the original concrete supplier.[3] This directive, however, was entirely consistent with BBL's administrative role in coordinating the scheduling aspects of the entire job and in no way demonstrates that its field manager had the authority

---

3. This mix-up prompted Arcon employees to begin cleaning up for the day with the intention of putting the pour off until the following work day. BBL's field manager, however, insisted that the pour take place that day because of scheduling constraints and assisted Arcon in procuring another supplier.

to supervise, direct or control the injury-producing work itself.[4] Even plaintiff readily acknowledged that no BBL employee ever told him how to do his job. The following excerpt from the examination before trial of Arcon's general superintendent is most telling on this issue. When asked, "[O]ther than order the concrete that day . . . did BBL give you any direction on how to carry out your job?," the general superintendent answered, "No. That, to my knowledge, is not part of a construction manager's position on any project, to go and tell anyone how to do anything . . . [the construction manager's position is] to make sure that the job gets done, not to tell them how to do it." In short, this directive falls short of raising a question of fact and BBL was properly granted summary judgment.

As a final matter, we find no abuse of discretion in Supreme Court's denial of plaintiff's motion to amend the complaint to allege that CPLR 1602 (4) applies in this matter and further find sufficient factual issues have been raised to preclude summary judgment to Precision.

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

4. To this end, we note that Arcon's general superintendent testified that, regardless of the field manager's directive, he had the authority to halt the pour that day but made a decision, upon consulting Arcon's owner, to proceed with it. Arcon's supervisor at the project similarly testified that he made the decision to proceed with the pour that day.