■ RONALD F. NORMAN, JR. et al., Appellants, v WELLIVER McGUIRE, INC., Respondent. [851 NYS2d 310]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered November 6, 2006 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

Alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) in their complaint, plaintiffs commenced this action to recover for injuries sustained by plaintiff Ronald F. Norman, Jr. due to the method he and a coworker were using to raise the level of a scaffold at a construction site. Norman's employer was a prime contractor on the construction project. Defendant, also a prime contractor on the project, moved for summary judgment dismissing the complaint in its entirety, arguing that, among other things, it did not supervise, direct or control the work in which Norman was engaged. Plaintiffs opposed dismissal of their cause of action based upon Labor Law § 200 only, arguing that there is some evidence that defendant exercised supervision and control over Norman's work. Supreme Court found that the evidence presented by plaintiffs did not establish defendant's

obligation or authority to direct or control the work that caused Norman's injury, and dismissed the complaint. Plaintiffs appeal and we affirm.

As noted by Supreme Court, a contractor has no liability under Labor Law § 200 or the common law in the absence of evidence that it exercised some supervisory control over the performance of the work (*see Adair v BBL Constr. Servs., LLC*, 25 AD3d 971, 972 [2006], *lv denied* 6 NY3d 714 [2006]; *Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 927 [2004]). The record here supports Supreme Court's conclusion that conversations about safety between defendant's employee and Norman's supervisor fail to show that defendant had any authority to control the injury-producing work.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.