Krencik v Oakgrove Constr., Inc. (2020 NY Slip Op 04642)





Krencik v Oakgrove Constr., Inc.


2020 NY Slip Op 04642


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


161 CA 19-01616

[*1]JEFFREY KRENCIK, PLAINTIFF-RESPONDENT-APPELLANT,
v
OAKGROVE CONSTRUCTION, INC., DEFENDANT-APPELLANT-RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JEFFREY F. BAASE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 13, 2019. The order granted in part and denied in part the motion of defendant for summary judgment dismissing the complaint and denied the cross motion of plaintiff for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking summary judgment dismissing the common-law negligence cause of action, the Labor Law § 200 claim, and the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of the federal Occupational Safety and Health Act, and denying that part of the motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and reinstating that claim, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when a tree fell from an excavator and struck him. Defendant was hired as the general contractor of a highway project that included, inter alia, excavation of embankments, grading and reshaping of ditches, and installation of drainage culverts along the New York State Thruway (Thruway). Defendant subcontracted the tree removal work to plaintiff's employer. At the time of the accident, plaintiff was cutting down trees adjacent to the Thruway and plaintiff's supervisor was using the excavator to move the cut trees into piles.
Defendant appeals and plaintiff cross-appeals from an order that granted in part defendant's motion for summary judgment dismissing the complaint and dismissed plaintiff's Labor Law § 240 (1) claim. The order denied defendant's motion with respect to the common-law negligence cause of action and Labor Law § 200 and § 241 (6) claims, and denied plaintiff's cross motion for partial summary judgment on the issue of liability with respect to the section 240 (1) claim.
Initially, we agree with plaintiff on his cross appeal that Supreme Court erred in granting that part of defendant's motion for summary judgment seeking to dismiss the Labor Law § 240 (1) claim, and we therefore modify the order accordingly. Defendant contends that it was entitled to summary judgment dismissing this claim because plaintiff was not injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (§ 240 [1]). Although trees are not structures and tree removal in and of itself is not an enumerated activity within the meaning of Labor Law § 240 (1), tree removal performed to facilitate an enumerated activity does come within the ambit of this statute (see Lombardi v Stout, 80 NY2d 290, 296 [1992]). Defendant failed to meet its initial burden on that part of its [*2]motion because defendant's own submissions raised a triable issue of fact whether plaintiff's tree removal work at the time of the accident was ancillary to the larger construction project, specifically the culvert installation work, that was ongoing at the time of the accident (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881 [2003]; Lombardi, 80 NY2d at 296; cf. Cicchetti v Tower Windsor Terrace, LLC, 128 AD3d 1262, 1264 [3d Dept 2015]). Contrary to plaintiff's further contention, however, the court properly denied his cross motion seeking summary judgment on the issue of defendant's liability under section 240 (1) inasmuch as plaintiff failed to eliminate all triable issues of fact whether his tree removal work "[fell] into a separate phase easily distinguishable from other parts of the larger construction project" (Prats, 100 NY2d at 881).
Next, we agree with defendant that the claim premised on violations of the federal Occupational Safety and Health Act (OSHA) or OSHA regulations must be dismissed because plaintiff was not an employee of defendant (see Pellescki v City of Rochester, 198 AD2d 762, 763 [4th Dept 1993], lv denied 83 NY2d 752 [1994]), and we therefore further modify the order by granting that part of the motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on 29 USC § 654 or 29 CFR 1910.135.
Defendant contends that its motion should be granted with respect to the remainder of the Labor Law § 241 (6) claim because plaintiff was not injured "in connection with construction, demolition or excavation work" (Nagel v D & R Realty Corp., 99 NY2d 98, 102 [2002]; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). That contention is without merit. Although it is well settled that Labor Law § 241 (6) does not apply to a worker who engages in tree trimming that is unrelated to construction, demolition or excavation work (see Olarte v Morgan, 148 AD3d 918, 919-920 [2d Dept 2017]; Crossett v Wing Farm, Inc., 79 AD3d 1334, 1336-1337 [3d Dept 2010]; Enos v Werlatone, Inc., 68 AD3d 713, 715 [2d Dept 2009]), as noted above, there is a triable question of fact whether plaintiff's work at the time of his accident was related to the culvert installation work and was thus related to construction, demolition or excavation work. Further, defendant's submissions in support of its motion raised an issue of fact on the issue of liability under section 241 (6) with respect to whether the tree clearing in which plaintiff was involved was a part of the excavation of the embankments, grading, and reshaping of ditches that was ongoing at the time of his accident. Defendant's further contention that the court should have granted its motion with respect to the Labor Law
§ 241 (6) claim insofar as it is premised on violations of the Industrial Code because the provisions cited by plaintiff in his first supplemental bill of particulars are inapplicable to the facts of this case is raised for the first time on appeal and thus is not properly before us (see Dunlap v United Health Serv. Inc., 189 AD2d 1072, 1074 [3d Dept 1993]).
Finally, we agree with defendant that the court erred in denying its motion with respect to the common-law negligence cause of action and Labor Law § 200 claim, and we therefore further modify the order accordingly. It is settled law that "where such a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; see Lombardi, 80 NY2d at 295). Here, defendant met its burden on that part of its motion by submitting evidence establishing "that the alleged dangerous condition arose from the . . . methods [of plaintiff's employer] and that defendant did not exercise supervisory control over the removal of the tree or any aspect of plaintiff's activities" (Young v Barden & Robeson Corp., 247 AD2d 755, 756 [3d Dept 1998], lv denied 92 NY2d 802 [1998]), and plaintiff failed to raise a triable issue of fact in opposition (see Ledwin v Auman, 60 AD3d 1324, 1326 [4th Dept 2009]; Kazmierczak v Town of Clarence, 286 AD2d 955, 956 [4th Dept 2001]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court