Capuzzi v Fuller (2021 NY Slip Op 07335)





Capuzzi v Fuller


2021 NY Slip Op 07335


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

532392
[*1]Joseph E. Capuzzi, Respondent,
v
Robert Fuller, Appellant, et al., Defendant.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Hodges Walsh & Burke, LLP, White Plains (Michael K. Burke of counsel), for appellant.
Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered November 13, 2020 in Ulster County, which partially denied defendants' motion for summary judgment dismissing the complaint.
Defendants hired plaintiff to perform construction work for a new house. According to plaintiff, he sustained personal injuries after falling approximately 14 feet while in the process of installing floor joists across the span of a concrete foundation. Plaintiff thereafter commenced this action against defendants alleging violations of Labor Law §§ 200, 240 (1) and 241 (6) and a cause of action for common-law negligence. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court, as relevant here, denied the motion to the extent it sought dismissal of the complaint insofar as it was asserted against defendant Robert Fuller (hereinafter defendant). This appeal ensued.
"Although both Labor Law § 240 (1) and § 241 impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities, the Legislature has carved out an exemption for the owners of one and two-family dwellings who contract for but do not direct or control the work" (Pelham v Moracco, LLC, 172 AD3d 1689, 1690 [2019] [internal quotation marks, brackets and citations omitted]; see Van Hoesen v Dolen, 94 AD3d 1264, 1266 [2012], lv denied 19 NY3d 809 [2012]). "[T]he phrase direct or control is to be strictly construed" (Peck v Szwarcberg, 122 AD3d 1216, 1218 [2014] [internal quotation marks and citations omitted]), and the inquiry focuses on whether the homeowner directed or controlled "the particular aspect of the work out of which the injury arose" (Sarvis v Maida, 173 AD2d 1019, 1020 [1991]; see Bombard v Pruiksma, 110 AD3d 1304, 1305 [2013]; Soskin v Scharff, 309 AD2d 1102, 1104 [2003]).
Defendant submitted, among other things, an affidavit wherein he stated that, although he visited the construction site from time to time, observed the progression of the construction work and paid plaintiff, he did not exert supervisory control over plaintiff nor did he direct him in his work. He further averred that he was not at the construction site when the alleged accident occurred and that he did not arrange for the use of equipment at the site. Based on the foregoing, defendant satisfied his moving burden of showing that the homeowner's exemption applied to him (see Peck v Szwarcberg, 122 AD3d at 1219).
In opposition thereto, plaintiff failed to raise a material issue of fact. In his affidavit, plaintiff averred that he and defendant had discussions about work orders, logistics, materials and the architectural drawings, that defendant checked in with him on a daily basis, that defendant told him where to park during work hours and to lock a gate at the conclusion of the workday, that defendant changed the stairs and windows to be [*2]used for the house and changed the placement of a fireplace and that defendant moved rocks and applied tape to plywood at the construction site. Even when viewed in the light most favorable to plaintiff, however, this evidence does not indicate that defendant directed or controlled the manner of plaintiff's work (see Snyder v Gnall, 57 AD3d 1289, 1291 [2008]; Sanna v Potter, 179 AD2d 982, 983 [1992], lv denied 80 NY2d 758 [1992]; Sotire v Buchanan, 150 AD2d 971, 972 [1989]).
Critically, there was no evidence indicating that defendant directed plaintiff on how to install the floor joists or to climb onto them as part of the installation process (see Kammerer v Baskewicz, 257 AD2d 811, 812 [1999]; Douglas v Beckstein, 210 AD2d 680, 682 [1994]; Valentia v Giusto, 182 AD2d 987, 989 [1992]). Although plaintiff also stated that defendant provided directions and instructions as to plaintiff's carpentry work, he did so only in a conclusory manner and did not explain how such work related to the installation of the floor joists. The affidavit by plaintiff's worker was likewise conclusory. Taking into account that defendant was not present at the construction site when the injury occurred (see Miller v Trudeau, 270 AD2d 683, 683 [2000]; Danish v Kennedy, 168 AD2d 768, 769 [1990]), defendant was entitled to the benefit of the homeowner's exemption (see Peck v Szwarcberg, 122 AD3d at 1219; Miller v Trudeau, 270 AD2d at 684; Jenkins v Jones, 255 AD2d 805, 806 [1998]; Jonchuk v Weafer, 199 AD2d 591, 592-593 [1993]). As such, the Labor Law §§ 240 and 241 claims should have been dismissed.
"Labor Law § 200 is a codification of the common-law duty to provide construction workers with a safe place to work and, before liability can be imposed, it must be shown that [defendant] exercised supervisory control over the activity which brought about the injury" (Blysma v County of Saratoga, 296 AD2d 637, 639 [2002] [citations omitted]; see Murray v South End Improvement Corp., 263 AD2d 577, 578 [1999]; Demeza v American Tel. & Tel. Co., 255 AD2d 743, 745 [1998]). As mentioned, the record fails to show that defendant controlled or directed the manner or means in which plaintiff was to install the floor joists. Accordingly, the Labor Law § 200 and common-law negligence claims also should have been dismissed (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Norman v Welliver McGuire, Inc., 48 AD3d 945, 946 [2008]; Facteau v Allen, 293 AD2d 847, 848 [2002]; Lyon v Kuhn, 279 AD2d 760, 761 [2001]). In view of our determination, defendant's remaining contention is academic.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendant Robert Fuller, by reversing so much thereof as denied defendants' motion for summary judgment seeking dismissal of the complaint against said defendant; motion granted to said extent; and, as so modified, affirmed.