Ells v City of Niagara Falls (2024 NY Slip Op 04876)

Ells v City of Niagara Falls

2024 NY Slip Op 04876

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

644 CA 23-00874

[*1]TIMOTHY ELLS, PLAINTIFF-RESPONDENT,
v
CITY OF NIAGARA FALLS, DEFENDANT-APPELLANT. 

HURWITZ FINE P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
DOLCE PANEPINTO, P.C., BUFFALO (EDWARD L. SMITH, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered April 26, 2023. The order, insofar as appealed from, granted in part the motion of plaintiff for partial summary judgment pursuant to Labor Law §§ 240 (1) and 241 (6) and denied in part the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when a tree that was being cut down by a coworker fell and struck him. Plaintiff's employer was the general contractor on defendant's roadway rehabilitation project. The project included the erection of a pedestrian bridge. At the time of the accident, plaintiff and his coworkers were removing trees to ready the site for construction of the pedestrian bridge, with plaintiff assisting in the operation of a wood chipper. Plaintiff moved for summary judgment on the issue of liability with respect to his Labor Law §§ 240 (1) and 241 (6) causes of action and sought specific findings with respect to the Labor Law § 241 (6) cause of action. Supreme Court, inter alia, granted plaintiff's motion insofar as it sought summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and determined with respect to the Labor Law § 241 (6) cause of action that defendant violated certain applicable provisions of the Industrial Code, that those violations constituted a failure by defendant to use reasonable care, and that issues of fact existed whether those violations were a proximate cause of plaintiff's injury and whether plaintiff was free from comparative fault. Defendant appeals, and we affirm.
We reject defendant's contention that the court erred in granting that part of plaintiff's motion with respect to the Labor Law § 240 (1) cause of action. "Although trees are not structures and tree removal in and of itself is not an enumerated activity within the meaning of Labor Law § 240 (1), tree removal performed to facilitate an enumerated activity does come within the ambit of this statute" (Krencik v Oakgrove Constr., Inc., 186 AD3d 1006, 1007 [4th Dept 2020], citing Lombardi v Stout, 80 NY2d 290, 296 [1992]; see also Allyn v First Class Siding, Inc., 174 AD3d 1340, 1341 [4th Dept 2019]). Here, plaintiff met his initial burden on the motion of establishing that he was engaged in an activity within the protection of Labor Law § 240 (1) at the time of his accident by submitting uncontradicted evidence that the "tree removal work [he was engaged in] at the time of the accident was ancillary to the larger construction project . . . that was ongoing at the time of the accident" (Krencik, 186 AD3d at 1007; see also Reisch v Amadori Constr. Co., 273 AD2d 855, 856 [4th Dept 2000]). Plaintiff also submitted an uncontroverted expert affidavit opining that the use of a safety device to control the descent of felled trees was necessary and consistent with the objective of the work being performed at the time of the accident (see generally Lombardi, 80 NY2d at 296; Krencik, 186 AD3d at 1006). In opposition, defendant failed to raise a triable issue of fact, including with respect to whether the [*2]tree removal work "[fell] into a separate phase easily distinguishable from other parts of the larger construction project" (Krencik, 186 AD3d at 1007 [internal quotation marks omitted]). To the contrary, defendant conceded that the work was necessary to prepare the site so that construction on the overall project could go forward (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]).
Contrary to defendant's contention, we conclude that the court did not err in its determinations with respect to the Labor Law § 241 (6) cause of action. Plaintiff met his initial burden of establishing that he was engaged in an activity within the protection of Labor Law § 241 (6) at the time of his accident by submitting uncontradicted evidence that the tree removal work he was engaged in "was related to construction, demolition or excavation work" (Krencik, 186 AD3d at 1008; see Moreira v Ponzo, 131 AD3d 1025, 1027 [2d Dept 2015]). Plaintiff also met his burden of establishing that provisions of the Industrial Code were applicable, that they were violated, and that those violations constituted a failure to use reasonable care. Specifically, plaintiff submitted an uncontroverted expert opinion that he was not required to be present in the area where the trees were being felled, as well as uncontradicted evidence that the area was not sectioned off. That evidence was sufficient to establish, as a matter of law, a violation of 12 NYCRR 23-1.7 (a) (2), which "requires barricades to cordon off areas for the safety of those[, like plaintiff,] not required to work within the sectioned-off area" (Griffin v Clinton Green S., LLC, 98 AD3d 41, 50 [1st Dept 2012]). Plaintiff also submitted uncontradicted evidence that the use of the wood chipper to dispose of debris by mulching felled trees was not done safely because the wood chipper had been placed within the area where trees were falling, in violation of 12 NYCRR 23-2.1 (b) (see DiPalma v State of New York, 90 AD3d 1659, 1661 [4th Dept 2011]). Defendant failed to raise a triable issue of fact in opposition.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court