■ EILEEN O. SILVA, Individually and as Administrator of the Estate of STEVEN M. SILVA, Deceased, and as Parent and Natural Guardian of CHRISTOPHER M. SILVA and Another, Infants, Appellant, v NEW YORK TELEPHONE COMPANY, Defendant and Third-Party Plaintiff, et al., Defendants. NIAGARA MOHAWK POWER CORPORATION, Third-Party Defendant-Respondent. (Action No. 1.) EILEEN O. SILVA, Individually and as Administrator of the Estate of STEVEN M. SILVA, Deceased, and as Parent and Natural Guardian of CHRISTOPHER M. SILVA and Another, Infants, Appellant, v BROOKVIEW COURT, INC., Respondent. (Action No. 2.) [699 NYS2d 621] —Mugglin, J. Appeal from an order of the Supreme Court (Caruso, J.), entered

September 4, 1998 in Schenectady County, which, *inter alia*, granted motions by defendant Brookview Court, Inc. and third-party defendant for summary judgment dismissing the complaints and all cross claims against them.

Plaintiff's decedent, an employee of third-party defendant, Niagara Mohawk Power Corporation, was killed when the electrical transmission pole upon which he was working collapsed. Defendant Brookview Court, Inc. was the developer of a residential subdivision, named Weathercrest, which was to obtain utility services from Niagara Mohawk. On part of the land included within the subdivision was a house and garage owned by Edith Columbe. The Columbe property received utility service from Niagara Mohawk from above-ground electric transmission lines strung on utility poles owned by Niagara Mohawk and situated on the real property of William Fox, which property was adjacent to the subdivision. As part of the subdivision development, the Columbe property was to be destroyed rendering utility service to it unnecessary. Niagara Mohawk made a business decision to remove the transmission lines and poles which serviced the Columbe property and plaintiff's decedent was killed during this removal.

Plaintiff instituted suit against, *inter alia*, Brookview alleging violations of Labor Law §§ 240 and 241 (6). This appeal results from Supreme Court's denial of plaintiff's motion for partial summary judgment against Brookview with respect to the cause of action alleged under Labor Law § 240 and the grant of Brookview's and Niagara Mohawk's cross motions for dismissal of plaintiff's complaint and all cross claims.

Plaintiff's claim against Brookview is premised upon its contention that since Brookview contracted with Niagara Mohawk for the removal of the utility service to the Columbe property, property which was to be included in the subdivision, Brookview was an "owner or contractor" with respect to the utility pole upon which plaintiff's decedent was working at the time of the accident. Supreme Court found that Brookview was not an "owner or contractor" within Labor Law § 240 since it did not own the utility pole in question, had no authority or control over the removal of the obsolete utility poles and did not solicit or contract with Niagara Mohawk for the removal of such utility poles. On this appeal, plaintiff contends that Brookview was an "owner or contractor" within Labor Law § 240 since the work decedent was performing at the time of his death was necessary and incidental to the construction of the proposed subdivision and that, although Brookview was not the owner of the utility pole in question, it had a sufficient

legal interest therein to be considered an owner for Labor Law purposes.

We affirm. In opposition to the motions for summary judgment, plaintiff had the burden of demonstrating that decedent was performing work necessary and incidental to the construction, renovation or repair of a building or structure for Brookview to be liable under Labor Law § 240 (see, Nephew v Barcomb, 260 AD2d 821, 823; Perchinsky v State of New York, 232 AD2d 34, 38, lv dismissed and denied 91 NY2d 830, lv denied sub nom. Perchinsky v Granny "G" Prods., 93 NY2d 812). It is well settled that a utility pole is a "structure" within the meaning of Labor Law § 240 (1) (Garrant v New York Tel. Co., 179 AD2d 960; Lewis-Moors v Contel of N. Y., 167 AD2d 732, 733, affd 78 NY2d 942; Dedario v New York Tel. Co., 162 AD2d 1001, 1002) and that the removal of a utility pole is analogous to the demolition of a structure and, therefore, protected by Labor Law § 240 (see, Lewis-Moors v Contel of N. Y., supra, at 734).

However, it is clear that the removal of the utility pole upon which decedent was killed was not necessary or incidental to the installation of utilities at the subdivision. The destruction of the Columbe house and garage rendered the overhead utility services which passed through the Fox property obsolete. All utility services within the proposed subdivision were to be underground and the transmission wires previously used to serve the Columbe property were not necessary to bring electrical service to the subdivision. Since the utility pole in question was located on the Fox property, its removal was totally unnecessary to completion of the subdivision.

Moreover, plaintiff has not submitted evidence tending to establish that Brookview was an owner or contractor with respect to the utility pole in question. Plaintiff concedes that the utility pole which killed decedent was not owned by Brookview, but by Niagara Mohawk. Nevertheless, plaintiff contends that Brookview acted as an owner or contractor when it contacted Niagara Mohawk to provide utilities for the subdivision. Labor Law § 240 imposes a nondelegable duty upon owners and contractors to provide a safe workplace (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Cox v International Paper Co., 234 AD2d 757, 758; Iveson v Sweet Assocs., 203 AD2d 741, 742). The purpose of the statute is to protect workers by imposing responsibility for their safety upon those best situated to bear that responsibility (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520; see also, Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 500). We are con-

vinced that plaintiff failed to raise any genuine triable issues of fact concerning whether Brookview acted as an owner or contractor within the purview of Labor Law § 240 (1). It is undisputed that the pole in question was specifically located on the Fox property and was not located on any property owned or controlled by Brookview. Consequently, Brookview had absolutely no property interest in either the utility pole or the land upon which it was situated. Likewise, Brookview did not have any interest in its removal. The decision to remove the subject utility pole was solely that of Niagara Mohawk. Brookview did not contract for its removal nor did it exercise any control or authority over its removal. Accordingly, plaintiff has failed to demonstrate that Brookview either owned the utility pole in question or contracted with Niagara Mohawk to have it removed. Likewise, Supreme Court correctly granted summary judgment to Niagara Mohawk. Given the dismissal of plaintiff's complaint, Brookview's cross claim against Niagara Mohawk, the only remaining party, is rendered academic (*see, Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866).

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.