■ James Lyon, Appellant, v Robert Kuhn, Respondent. [718 NYS2d 485] —Mercure, J. P. Appeal from an order of the Supreme Court (Dowd, J.), entered November 12, 1999 in Chenango County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for injuries he sustained in a November 1997 accident on property owned by defendant. Plaintiff, who had performed work for defendant on a part-time basis for approximately a year, was injured when he fell from a scaffold while installing insulation in the ceiling of defendant's garage. Plaintiff thereafter commenced this action against defendant alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and the completion of depositions, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

Initially, we conclude that Supreme Court properly dismissed the Labor Law § 200 cause of action. Labor Law § 200 is a codification of the common-law duty of a landowner to provide workers on the premises with a reasonably safe place to work (*see*, *Lombardi v Stout*, 80 NY2d 290, 294; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299). Significantly, where the evidence shows that the alleged defect or dangerous condition

arose from the individual's own methods and the owner exercised no supervisory control over the operation, liability will not attach to the owner under Labor Law § 200 (*see*, *Lombardi v Stout*, *supra*, at 295). We reject plaintiff's contention that liability may be imposed upon a showing that defendant had either authority to control the activity bringing about the injury or actual or constructive knowledge of the condition that caused the accident. In our prior decisions, we have taken great effort to make clear that, in order to prevail on a Labor Law § 200 cause of action, the plaintiff must establish that the owner or contractor both exercised supervisory control over the operation and had actual or constructive knowledge of the unsafe manner in which the work was being performed (*see*, *Bailey v Hammedani*, 241 AD2d 645, 645-646; *Comes v New York State Elec. & Gas Corp.*, 189 AD2d 945, 946, *affd* 82 NY2d 876; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642; *see also*, PJI3d 2:216 [2001]; 1B NY PJI3d 901 [2001]).

In this case, the uncontroverted evidence presented on the summary judgment motion shows that plaintiff was given complete discretion over the method and timing of his work and, on the day of the accident, was working alone, installing insulation while standing on a scaffold that he had personally erected and put into place. Under the circumstances, Supreme Court was authorized to conclude as a matter of law that defendant neither exercised supervisory control nor had knowledge of the dangerous condition giving rise to plaintiff's injury.

We also agree with Supreme Court's determination that the causes of action predicated on Labor Law § 240 (1) and § 241 (6) are barred by the exemption for the benefit of owners of one and two-family dwellings who contract for but do not direct or control the work. We have already found that defendant did not direct or control plaintiff's work and it is undisputed that defendant's property was improved with a single-family residence and an outbuilding used as a garage. In the absence of any evidence that the garage was serving any commercial purpose, it is to be considered an extension of the dwelling and within the homeowners exemption (*see*, *Bartoo v Buell*, 87 NY2d 362, 369). The evidence adduced on the summary judgment motion establishes that at the time of the accident the garage was used solely to store defendant's possessions and the work was being performed for the purpose of improving the structure's overall integrity and not for a commercial purpose (*cf.*, *Lombardi v Stout*, 80 NY2d 290, 296, *supra*). Under the circumstances, Supreme Court did not err in awarding summary judgment in favor of defendant.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.