■ LARRY SNYDER et al., Appellants, v BRENDAN G. GNALL et al., Respondents. [870 NYS2d 562]—

Kavanagh, J.

Plaintiff Larry Snyder (hereinafter plaintiff) was hired by defendants to construct a garage at their home located in the Village of Lake Placid, Essex County. During the course of this work, plaintiff was injured when he fell from a scaffold and subsequently commenced this action seeking damages under Labor Law §§ 200, 240 (1) and § 241 (6). Defendants moved and plaintiffs cross-moved for summary judgment. Supreme Court denied plaintiffs' cross motion, granted defendants' motion, and dismissed the complaint. Plaintiffs now appeal.

We affirm. Labor Law § 240 (1) and § 241 (6) do not apply to "owners of one and two-family dwellings who contract for but do not direct or control the work" of the person that they hire (*Bartoo v Buell*, 87 NY2d 362, 367 [1996] [internal quotation marks and citations omitted]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 126-127 [2008]; *Ryba v Almeida*, 44 AD3d 740, 740-741 [2007]). Plaintiffs argue that defendant Brendan G. Gnall (hereinafter defendant) actively supervised the construction of the garage and exercised such a degree of control over plaintiff's work that the homeowner's exemption should not apply and that Supreme Court erred in relying upon it when it granted defendants' motion for summary judgment. In that regard, plaintiffs point to the fact that defendant not only identified himself on the building permit application as the general contractor, but also personally arranged for the building inspector's visit to inspect the construction to insure that there was compliance with the conditions contained in the permit. Plaintiffs produced evidence that defendant hired all subcontractors and laborers used on the project, as well as ordered and paid for materials that were used in the construction of the garage. Plaintiffs also claimed that defendant was intimately involved in all facets of the construction, as evidenced by his participation in the excavation and preparation of the building's foundation.

While defendant was undoubtedly involved in many aspects of this project, the reality is that his participation was never so significant as to support the conclusion that he directed or supervised plaintiff's work. In that regard, we note that construction was performed pursuant to a detailed, five-page proposal prepared by plaintiff that outlined the dimensions of the structure, its configuration and location on the site. In addition, plaintiff provided defendants, as part of this proposal, an estimate as to how long it would take to complete construction

and its final cost. The materials used in the construction were ordered by defendant pursuant to descriptions provided by plaintiff, and they were purchased through an account that plaintiff had established in defendant's name at a local supply store. Also, while it is undisputed that defendant hired the subcontractors and laborers employed on this project, he did so only after they had been identified by plaintiff and were retained pursuant to plaintiff's recommendation. As for defendant's personal participation in the project, it involved, at best, menial labor, and did not constitute defendant's supervision or control over any phase of the actual construction of the garage (*see Rosenblatt v Wagman*, 56 AD3d 1103, 1104 [2008]). As such, defendant's involvement did not serve to deprive defendants of the homeowner's exemption and, therefore, Supreme Court properly dismissed plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action (*see Pascarell v Klubenspies*, 56 AD3d 742, 742-743 [2008]; *Soskin v Scharff*, 309 AD2d 1102, 1104 [2003]).

As for plaintiffs' Labor Law § 200 claim, plaintiffs were required to show that defendants exercised supervisory control over plaintiff's work and "had actual or constructive knowledge of the unsafe manner in which the work was being performed" (*Lyon v Kuhn*, 279 AD2d 760, 761 [2001]; *see McGlone v Johnson*, 27 AD3d 702, 703 [2006]). It is undisputed that plaintiff designed and constructed the scaffold that was used in this project and that he fell from it at a time when defendant was not present at the work site. Even if we credit the argument that defendant helped plaintiff build the scaffold and knew that it was, as constructed, dangerous, defendants cannot be held liable pursuant to Labor Law § 200 because the hazardous conditions which brought about the accident were caused by plaintiff's own work methods at a time when defendant exercised "no supervisory control" (*Lyon v Kuhn*, 279 AD3d at 761; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Ortega v Puccia*, 57 AD3d 54, 62 [2008]). Therefore, Supreme Court properly dismissed plaintiffs' Labor Law § 200 claim as well.

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.