■ CHARLES F. CHAPMAN JR., Respondent, v TOWN OF COPAKE et al., Defendants, and TESSA EDICK et al., Appellants. [888 NYS2d 322]—

Malone Jr., J. Appeal from an order of the Supreme Court (Czajka, J.), entered June 12, 2008 in Columbia County, which denied the motions of defendants Tessa Edick, Thom Filicia, Inc. and Thomas L. Filicia for summary judgment dismissing the complaint against them.

Plaintiff was employed by Henry Meyers Construction, which was hired by defendants Tessa Edick and Thomas L. Filicia to perform renovation work at a lake house they owned in the Town of Copake, Columbia County. While plaintiff was digging holes to install concrete footers near a retaining wall, the retaining wall collapsed onto him, causing personal injuries. Seeking to recover damages for those injuries, plaintiff commenced this action against defendant Thom Filicia, Inc. (hereinafter TFI), defendant Town of Copake, Edick and Filicia, alleging common-law negligence and Labor Law violations.[1] TFI moved and Edick and Filicia cross-moved for summary judgment dismissing the complaint against them. Finding that issues of fact existed as to

---

1. Plaintiff's action against the Town of Copake was dismissed prior to discovery.

who was directing or controlling the renovation work, Supreme Court denied the motions.[2] Edick, Filicia and TFI appeal.

Initially, inasmuch as the record demonstrates that TFI was neither an owner of the dwelling or an owner's agent, nor a contractor responsible for the work, Supreme Court should have granted TFI's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 214 (6) claims against it (*see Chimborazo v WCL Assoc., Inc.*, 37 AD3d 394, 396 [2007]; *Silva v New York Tel. Co.*, 267 AD2d 634, 636-637 [1999]). Further, because TFI had no obligation with regard to the safety of the work site, TFI was also entitled to summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims against it (*see McNabb v Oot Bros., Inc.*, 64 AD3d 1237, 1239-1240 [2009]).

With respect to Edick and Filicia, it is well established that "[a]n owner of a one- or two-family dwelling is exempt from liability under Labor Law §§ 240 and 241 unless he or she directed or controlled the work being performed" (*Pascarell v Klubenspies*, 56 AD3d 742, 742 [2008]). As there is no dispute that Edick and Filicia are owners of the house, the relevant inquiry is whether they directed or controlled the work that was performed there. In that regard, "[t]he phrase 'direct or control' . . . is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (*id.* [internal quotation marks and citations omitted]).

The record establishes that, although Edick and Filicia were involved in the basic planning and coordination of the renovation project, their participation was not so significant as to support a finding that they essentially served as their own general contractor. Specifically, Edick and Filicia introduced evidence that they hired Henry Meyers Construction to perform the work at their house and that plaintiff received direction regarding the method and manner in which he was to perform his work directly from either Henry Meyers himself or from Meyers's assistant. Although plaintiff offered proof that Edick was primarily responsible for making sure that the subcontractors were paid and that she documented when each was present and how many hours they worked, it was Meyers who recruited them and coordinated their work. Plaintiff provided additional evidence that Edick completed the building permit application

---

**2.** Subsequent to the submission of the motion papers, but prior to the entry of the order appealed from, plaintiff filed an amended complaint naming as defendants Frank's Custom Masonry and Frank Robertson, individually and doing business as Frank's Custom Masonry. According to plaintiff, these parties have not appeared in the action.

herself, that Edick and Filicia provided sketches of the work that they wanted done and that Edick and Filicia made payments for the work directly to the subcontractors rather than through Henry Meyers Construction. Even viewing this evidence in the light most favorable to plaintiff as the nonmoving party, it cannot be said that the participation of either Edick or Filicia " 'crossed the line from being a legitimately concerned homeowner to a de facto supervisor' " (*Rosenblatt v Wagman*, 56 AD3d 1103, 1104 [2008], quoting *Lieberth v Walden*, 223 AD2d 978, 979 [1996]). As such, Supreme Court should have granted the cross motion of Edick and Filicia for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims. Moreover, because neither Edick nor Filicia supervised or controlled the manner in which plaintiff's work was performed, and there is no evidence that Edick and Filicia had either actual or constructive knowledge of any alleged dangerous condition regarding the retaining wall, Edick and Filicia were entitled to dismissal of plaintiff's Labor Law § 200 and common-law negligence claims (*see Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059, 1061-1062 [2006]; *Lyon v Kuhn*, 279 AD2d 760, 760-761 [2001]).

Spain, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants Thom Filicia, Inc., Tessa Edick and Thomas L. Filicia and complaint dismissed against them.