■ NATHAN PFAFFENBACH et al., Respondents, v DOUGLAS J. NEMEC et al., Appellants. [911 NYS2d 520]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 16, 2009 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Nathan Pfaffenbach (plaintiff) when he fell from a ladder while installing plywood in defendants' home. We conclude that Supreme Court erred in denying those parts of defendants' motion for summary judgment dismissing the claims pursuant to Labor Law § 240 (1) and § 241 (6). Those statutes require "[a]ll contractors and owners and their agents, except owners of one[-] and two-family dwellings who contract for but do not direct or control the work," to comply with certain safety requirements (§ 240 [1]; § 241). We agree with defendants that they are "entitled to the homeowner exemption because they neither directed nor controlled plaintiff's work" (*Schultz v Noeller*, 11 AD3d 964, 965 [2004]).

Further, we conclude that the court erred in denying those parts of defendants' motion seeking summary judgment dismissing the common-law negligence cause of action and the Labor Law § 200 claim. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner[s] exercise[ ] no supervisory control over the operation, no liability attaches to the owner[s] under the common law or [Labor Law § 200]" (*Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *see also Affri v Basch*, 13 NY3d 592, 596 [2009]). Here, "both the method and the manner of plaintiff's work were left to his judgment and experience" (*Affri*, 13 NY3d at 596). Inasmuch as defendants did not supervise or control "the manner in which plaintiff's work was performed, and there is no evidence that [defendants] had either actual or constructive knowledge of any alleged dangerous condition" on the premises, they are not liable for any such condition (*Chapman v Town of Copake*, 67 AD3d 1174, 1176 [2009]). Defendants also are not liable for defective equipment, i.e., the ladder, because they exercised no supervisory control over the injury-producing work (*see Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792 [2000]; *Farrell v Okeic*, 266 AD2d 892 [1999]; *see also Santangelo v Fluor Constructors Intl.*, 266 AD2d 893 [1999]). Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.