Egan Jr., J.
Appeal from an order of the Supreme Court (Hall Jr., J.), entered August 9, 2012 in Washington County, which, among other things, granted defendant John Pruiksma’s motion for summary judgment dismissing the complaint against him.
Defendant John Pruiksma (hereinafter defendant) and his wife are the owners of an 18-acre parcel of land in the Town of Greenwich, Washington County. In 2006, defendant retained an architect, secured a building permit and thereafter hired various contractors for the purpose of building a single-family residence at the site. Insofar as is relevant to this appeal, defendant Top Notch Home Improvement Corporation was the framing contractor for the project, and plaintiff performed various excavation work at the site.
On the afternoon of September 8, 2006, defendant was assisting plaintiff and his brother in setting a septic tank when one of Top Notch’s framers requested their assistance in raising one of the walls of the structure. Plaintiff, his brother and defendant agreed to do so and joined Top Notch’s crew on the house’s deck. Together, they started to raise or “walk[ ] . . . up” the wall* but were unable to complete the lift, and the wall fell back to the deck — trapping plaintiff and defendant beneath it.
Plaintiff thereafter commenced this action against, among others, defendant and Top Notch alleging violations of Labor Law §§ 200, 240 and 241, as well as common-law negligence. Following joinder of issue, defendant commenced a third-party action and moved for summary judgment dismissing plaintiffs complaint against him. Supreme Court granted defendant’s motion, prompting this appeal.
*1305 We affirm. Although Labor Law §§ 240 (1) and 241 each “impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities ...[,] the Legislature has carved out an exemption for the owners of one and two-family dwellings who contract for but do not direct or control the work” (Bagley v Moffett, 107 AD3d 1358, 1360 [2013] [internal quotation marks and citations omitted]; see Chapman v Town of Copake, 67 AD3d 1174, 1175 [2009]; Snyder v Gnall, 57 AD3d 1289, 1290 [2008]). In this context, “the phrase ‘direct or control’ is to be strictly construed and, in ascertaining whether a particular homeowner’s actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured [party]” (Jenkins v Jones, 255 AD2d 805, 805-806 [1998] [internal citation omitted]; see Van Hoesen v Dolen, 94 AD3d 1264, 1266 [2012], lv denied 19 NY3d 809 [2012]; Rosenblatt v Wagman, 56 AD3d 1103, 1104 [2008]; Van Alstine v Padula, 228 AD2d 909, 910 [1996], appeal dismissed 89 NY2d 858 [1996]; Young v Krawczyk, 223 AD2d 966, 967 [1996]).
Here, Top Notch’s various representatives collectively testified that Top Notch provided its own framing and safety equipment and that defendant did not direct the course of the framing work, nor did he advise Top Notch regarding any safety issues. As for the specific incident that gave rise to plaintiffs injury, defendant testified that he did not ask either plaintiff or his brother to assist the framers, i.e., Top Notch, in raising the wall, and such testimony was entirely consistent with plaintiffs recollection of the event. Indeed, plaintiff acknowledged that it was one of “[t]he framers” who “asked . . . if we could give them a hand to deal with the wall” and, more to the point, made the decision as to the manner in which the wall would be lifted. Specifically, plaintiff testified that defendant did not tell him where to stand, how to position his hands or how to lift the wall — again stating, with respect to Top Notch, that raising the wall “was their deal.” Such proof, in our view, was sufficient to demonstrate that defendant did not direct or control the injury-producing work.
In an effort to raise a question of fact on this point, plaintiff attempted to portray defendant as the general contractor for the project. The case law makes clear, however, that neither providing site plans (see Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 971 [2012]; Lane v Karian, 210 AD2d 549, 550 [1994]), obtaining a building permit (see Chapman v Town of Copake, 67 *1306 AD3d at 1175-1176), hiring contractors, purchasing materials (see Van Hoesen v Dolen, 94 AD3d at 1266; Lane v Karian, 210 AD2d at 550), offering suggestions/input (see Stephens v Tucker, 184 AD2d 828, 829 [1992]), inspecting the site (see Jenkins v Jones, 255 AD2d at 806; Van Alstine v Padula, 228 AD2d at 910), retaining general supervisory authority (see Nai Ren Jiang v Shane Yeh, 95 AD3d at 971; Stephens v Tucker, 184 AD2d at 829), performing certain work (see Snyder v Gnall, 57 AD3d at 1291; Clark v Mann, 280 AD2d 866, 867 [2001]) nor physical presence at the site (see Jenkins v Jones, 255 AD2d at 806) operates to deprive a homeowner of the statutory exemption — so long as the homeowner did not exercise direction or control over the injury-producing work (see Van Hoesen v Dolen, 94 AD3d at 1266; Snyder v Gnall, 57 AD3d at 1290-1291; Rosenblatt v Wagman, 56 AD3d at 1104; Soskin v Scharff, 309 AD2d 1102, 1104 [2003]; Jenkins v Jones, 255 AD2d at 806; compare Florentine v Militello, 275 AD2d 990, 991 [2000]; Chura v Baruzzi, 192 AD2d 918, 918-919 [199 3]). Given the uncontroverted proof that defendant did not exercise direction or control over the work that plaintiff was performing at the time of the accident, Supreme Court properly granted defendant’s motion for summary judgment as to the Labor Law §§ 240 and 241 causes of action.
We reach a similar conclusion with respect to plaintiffs Labor Law § 200 and common-law negligence claims. In order to prevail on such claims, plaintiff was required to establish that defendant both “exercised supervisory control over plaintiffs work and had actual or constructive knowledge of the unsafe manner in which the work was being performed” (Fassett v Wegmans Food Mkts., Inc., 66 AD3d 1274, 1276 [2009] [internal quotation marks and citations omitted]; see Rought v Price Chopper Operating Co., Inc., 73 AD3d 1414, 1416 [2010]). As there is no evidence to suggest that defendant exercised supervisory control over plaintiffs work, plaintiffs negligence and Labor Law § 200 claims must fail. Accordingly, Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint against him.
Lahtinen, J.P., Stein and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

 The wall was estimated to weigh approximately 800 pounds.