■ GEORGE A. PECK JR., Individually and as Administrator of the Estate of BRETT R. PECK, Deceased, Appellant, v JACOB D. SZWARCBERG, Defendant and Third-Party Plaintiff-Respondent. FISKE BUILDING CONSTRUCTION, LLC, Third-Party Defendant-Respondent. [997 NYS2d 816]—

Garry, J. Appeal from an order of the Supreme Court (Crowell, J.), entered April 3, 2013 in Saratoga County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Defendant and his wife are the owners of a single-family home in the Town of Clifton Park, Saratoga County where they reside. In 2008, defendant retained an architectural firm to draft blueprint plans, which he used to obtain a permit for the purpose of building a two-story addition to his home with an expanded basement addition. Defendant thereafter hired various contractors, including third-party defendant, a construction company retained to excavate and pour the basement foundation and install and connect the drain pipes. Brett R. Peck (hereinafter decedent), a construction worker employed by third-party defendant, performed various excavation and foundation work at the site. On October 20, 2008, decedent was sent to the site with one of third-party defendant's laborers to dig a trench and install a footing drain line, and also to load some materials onto a nearby equipment trailer. The coworker began stacking materials onto the trailer, while decedent, working alone, used the excavator to dig a trench hole approximately six-to-eight feet deep. The trench walls were unsupported. At some point, decedent entered the trench and the walls caved in, burying him and causing his death. There were no known eyewitnesses to this accident.

Plaintiff, individually and as administrator of decedent's estate, thereafter commenced this action against defendant alleging violations of Labor Law §§ 200, 240 and 241 (6) as well as common-law negligence. After joinder of issue, defendant impleaded third-party defendant seeking indemnification. Defendant moved for summary judgment dismissing the complaint against him, and third-party defendant moved for summary judgment dismissing the third-party complaint against it. Plaintiff opposed the motions. Supreme Court granted both motions, and plaintiff appeals.

Although Labor Law §§ 240 (1) and 241 "impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities" (*Landon v Austin*, 88 AD3d 1127, 1128 [2011] [internal quotation marks and citation omitted]), the Legislature carved out an exception for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law §§ 240 [1]; 241 [6]; *see Affri v Basch*, 13 NY3d 592, 595 [2009]; *Cannon v*

*Putnam,* 76 NY2d 644, 646 [1990]; *Bombard v Pruiksma,* 110 AD3d 1304, 1305 [2013]; *Snyder v Gnall,* 57 AD3d 1289, 1290 [2008]; *Rosenblatt v Wagman,* 56 AD3d 1103, 1104 [2008]; *see also Van Hoesen v Dolen,* 94 AD3d 1264, 1266 [2012], *lv denied* 19 NY3d 809 [2012]; *Chapman v Town of Copake,* 67 AD3d 1174, 1175 [2009]). "In this context, the phrase direct or control is to be strictly construed and, in ascertaining whether a particular homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured party" (*Bombard v Pruiksma,* 110 AD3d at 1305 [internal quotation marks and citation omitted]; *see Affri v Basch,* 13 NY3d at 596; *Van Hoesen v Dolen,* 94 AD3d at 1266). That is, "the owner must significantly participate in the project before he or she will be deemed to have crossed the line from being a legitimately concerned homeowner to a de facto supervisor" who is not entitled to the exemption (*Rosenblatt v Wagman,* 56 AD3d at 1104 [internal quotation marks and citation omitted]; *see Snyder v Gnall,* 57 AD3d at 1290-1291).

Here, defendant testified that he secured architectural building plans, obtained the building permits and hired several contractors to perform the necessary work pursuant to those plans. Specifically, he retained third-party defendant, who was in the business of commercial and residential construction, to construct the foundation and install and connect the necessary drain pipes, after eliciting a bid proposal from its owner and operator, Steve Fiske; he hired other companies to do the remainder of the work. Fiske testified that defendant did not direct or control the work; he testified that he assigned workers to this job each day, put decedent in charge on the day of the accident, and provided all equipment and materials, for which defendant was billed. Fiske testified that on the morning of the accident, he discussed how to dig the trench and install the drain, as well as the necessary safety measures, with decedent. Sometime later that morning, defendant looked for decedent, and could not find him. After calling Fiske, defendant started digging in the trench, and ultimately recovered decedent's body, covered beneath several feet of dirt. Defendant did not observe any ladders or reinforcements being used in the trench.

Notably, defendant had no prior construction experience, was otherwise employed full time, and did not perform any of the work upon this project. The record reveals that defendant observed the work progress when he was present at his home, but it fails to demonstrate that he directed the work. Specifically, relative to the drain line that decedent was engaged in

installing, the record reveals that defendant's involvement consisted of discussing the local drainage requirements with the workers; he did not tell the workers how or where to install the lines or how to dig the trench, as Fiske confirmed in his testimony. Defendant's only other involvement consisted of homeowner preparations for the project and providing information regarding buried lines in the ground. The foregoing, viewed most favorably to plaintiff (*see Chapman v Town of Copake*, 67 AD3d at 1176), established that defendant was involved in only minor aspects of the project and that his "participation was never so significant as to support the conclusion that he directed or supervised [decedent's] work" (*Snyder v Gnall*, 57 AD3d at 1290). That is, his actions were those of a "legitimately concerned homeowner" and not those of a supervisor (*Rosenblatt v Wagman*, 56 AD3d at 1104). Thus, defendant met his burden of showing entitlement to the Labor Law §§ 240 and 241 exemption (*see Lombardi v Stout*, 80 NY2d 290, 297 [1992]).

Plaintiff contends that the facts present factual issues as to whether defendant acted as the general contractor who directed and controlled the project. However, under established case law, "neither providing site plans, obtaining a building permit, hiring contractors, purchasing materials, offering suggestions/input, inspecting the site, retaining general supervisory authority, performing certain work nor physical presence at the site operates to deprive a homeowner of the statutory exemption—so long as the homeowner did not exercise direction or control over the injury-producing work" (*Bombard v Pruiksma*, 110 AD3d at 1305-1306 [citations omitted]). Here, while recognizing the terrible tragedy and decedent's youth, we do not find defendant's limited actions sufficient to support the conclusion that he "supervised the method and manner of the actual work being performed by the injured party" (*id.* at 1305 [internal quotation marks and citation omitted]). Accordingly, Supreme Court properly granted defendant's motion for summary judgment as to the Labor Law §§ 240 and 241 causes of action.

We reach a similar conclusion with respect to plaintiff's Labor Law § 200 claim, which codifies the common-law duty of owners and general contractors "to maintain a safe construction site" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). As a precondition to the imposition of liability upon defendant as a homeowner, "it must be shown that [defendant] exercised supervisory control over [decedent's] work and had actual or constructive knowledge of the unsafe manner in which the work was being performed" (*Fassett v Wegmans Food Mkts., Inc.*, 66 AD3d 1274, 1276 [2009] [internal quotation marks and citations

omitted]; *see Bombard v Pruiksma*, 110 AD3d at 1306; *Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1416 [2010]). "When an alleged defect or dangerous condition arises from [a] contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Cook v Orchard Park Estates, Inc.*, 73 AD3d 1263, 1264 [2010] [internal quotation marks and citation omitted]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352; *Lombardi v Stout*, 80 NY2d at 295). Even "[t]he retention of general supervisory control, presence at a work site, or authority to enforce safety standards is insufficient to establish the control necessary to impose liability" (*Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 927 [2004]). As there was no evidence to support the conclusion that defendant exercised any supervisory control over decedent's work installing the drain pipes or any aspect of the construction project, and the testimony established that the accident was caused by third-party defendant's construction methods, the manner in which decedent excavated, his entry into the trench and/or failure to use available safety devices, plaintiff's Labor Law § 200 and common-law negligence claims necessarily fail (*see Cook v Orchard Park Estates, Inc.*, 73 AD3d at 1264; *see also Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352; *Lombardi v Stout*, 80 NY2d at 295; *Van Hoesen v Dolen*, 94 AD3d at 1266; *Snyder v Gnall*, 57 AD3d at 1291). Finally, plaintiff's claims regarding defendant's violations of town law are unpreserved for review (*see* CPLR 5501 [a] [3]; *Matter of Steele*, 85 AD3d 1375, 1376 [2011]). Accordingly, Supreme Court properly dismissed plaintiff's complaint and the third-party complaint.

Stein, J.P., McCarthy, Lynch and Devine, JJ., concur. Ordered that the order is affirmed, with one bill of costs.