# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

243
CA 14-01497
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

JOHN H. BAUSENWEIN, III,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                           MEMORANDUM AND ORDER

TIMOTHY ALLISON, DEFENDANT-RESPONDENT,
THOMAS J. WELSH, INDIVIDUALLY AND DOING
BUSINESS AS TJW CUSTOM HOMES, INC., TJW
CUSTOM HOMES, INC., AND 299 MAIN STREET
EA, INC., INDIVIDUALLY AND DOING BUSINESS AS
TJW CUSTOM HOMES,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

HOGAN WILLIG, PLLC, AMHERST (ALLISON BOZINSKI OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

HISCOCK & BARCLAY, LLP, ROCHESTER (ROBERT M. SHADDOCK OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

BURGIO, KITA, CURVIN & BANKER, BUFFALO (STEVEN P. CURVIN OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (John F. O'Donnell, J.), entered November 7, 2013. The order,
inter alia, granted the motion of defendant Timothy Allison for
summary judgment dismissing the amended complaint against him.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting in part the motion of
defendants Thomas J. Welsh, individually and doing business as TJW
Custom Homes, Inc., TJW Custom Homes, Inc. and 299 Main Street EA,
Inc., individually and doing business as TJW Custom Homes, and
dismissing the common-law negligence cause of action and Labor Law §
200 claim against them, and as modified the order is affirmed without
costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained while working on a construction project on
property owned by defendant Timothy Allison, asserting causes of
action for common-law negligence and the violation of Labor Law §§
200, 240 (1) and 241 (6). We initially conclude that Supreme Court
properly granted Allison's motion for summary judgment dismissing the
amended complaint against him. Labor Law §§ 240 (1) and 241 (6)
exempt from liability "owners of one[-] and two-family dwellings who

contract for but do not direct or control the work" (see *Byrd v Roneker*, 90 AD3d 1648, 1649; *Pfaffenbach v Nemec*, 78 AD3d 1488, 1489), i.e., homeowners of such dwellings who do not give " 'specific direction as to how the injured plaintiff was to accomplish' " the injury-producing work (*Ledwin v Auman*, 60 AD3d 1324, 1325; see *Rosenblatt v Wagman*, 56 AD3d 1103, 1104).  Here, Allison met his initial burden by establishing as a matter of law that he did not direct or supervise plaintiff's work.  In support of his motion, Allison submitted, inter alia, the deposition testimony of plaintiff, who, when asked if he knew the identity of the owner of the house on which he was working, answered:  "I met him once or twice, but I don't recall his name."  Plaintiff further testified that Allison did not give him any direction as to how to do his work.  Allison also submitted his own deposition testimony wherein he asserted that he visited the construction site occasionally "just to find out what stage they were at," and he never told any worker how to perform his or her job.  Allison's testimony is consistent with that of plaintiff's employer, who testified that Allison did not supervise any of the work and did not tell any of the workers how to do their jobs.

The burden of proof thus shifted to plaintiff to raise an issue of fact whether Allison directed or controlled his work, and plaintiff failed to do so.  Plaintiff relies primarily on the fact that Allison is identified in the construction contract as the general contractor, but that title is not by itself dispositive (see *McNabb v Oot Bros., Inc.*, 64 AD3d 1237, 1239).  Plaintiff does not identify a single incident in which Allison supervised him or told him how to perform his work.  Although Allison, based on his prior experience as a plaintiff in an unrelated Labor Law action, was aware of the need for safety devices at the work site, his actions at the construction site "were those of a 'legitimately concerned homeowner' and not those of a supervisor" (*Peck v Szwarcberg*, 122 AD3d 1216, 1219, quoting *Rosenblatt*, 56 AD3d at 1104).  Moreover, because Allison did not direct or control plaintiff's work, the court also properly dismissed the Labor Law § 200 claim and common-law negligence cause of action against Allison (see *id.* at 1219-1220).

With respect to the cross appeal of the remaining defendants (collectively, 299 Main Street defendants), we conclude that the court properly denied their motion for summary judgment insofar as it sought dismissal of the Labor Law §§ 240 (1) and 241 (6) claims against them. Although 299 Main Street EA, Inc., individually and doing business as TJW Custom Homes (299 Main Street), which is owned by defendant Thomas J. Welsh, is identified in the contract with Allison as the "construction manager," not the general contractor, a construction manager "may be vicariously liable as an agent of the property owner . . . where the manager had the ability to control the activity which brought about the injury" (*Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864; see *Campoverde v Sound Hous., LLC*, 116 AD3d 897, 897-898; *Titus v Kirst Constr., Inc.*, 43 AD3d 1324, 1325, *lv denied* 9 NY3d 817).  The evidence submitted by the 299 Main Street defendants in support of their motion raised an issue of fact whether they had the ability to control plaintiff's work (see *Reed v NEA Residential, Inc.*, 64 AD3d 1148, 1149).  We note that the contract between 299 Main

Street and Allison provided that 299 Main Street would be "an agent" for Allison.  The contract further provided that 299 Main Street would select and schedule subcontractors, and was responsible for "[d]ay to day construction activities."  We agree with the 299 Main Street defendants, however, that the court erred in denying their motion insofar as it sought dismissal of the Labor Law § 200 claim and common-law negligence cause of action against them, inasmuch as they established as a matter of law that they did not *actually* direct or control the work that brought about plaintiff's injuries, and in response plaintiff failed to raise an issue of fact (*see Peck*, 122 AD3d at 1219-1220).  We therefore modify the order accordingly.

Because, as noted, there are issues of fact whether the 299 Main Street defendants acted as Allison's agent, we reject plaintiff's contention that the court erred in refusing to search the record and grant summary judgment in his favor against those defendants under Labor Law §§ 240 (1) and 241 (6).  Finally, we conclude that the court properly denied that part of the 299 Main Street defendants' motion for summary judgment on their cross claim against Allison for contractual and common-law indemnification (*see generally Syracuse Univ. v Games 2002, LLC*, 71 AD3d 1531, 1531).

Entered:  March 27, 2015                      Frances E. Cafarell
                                              Clerk of the Court