Doskotch v Pisocki (2019 NY Slip Op 00017)





Doskotch v Pisocki


2019 NY Slip Op 00017


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

526644

[*1]ANDREI DOSKOTCH, Respondent,
v
JAROSLAVA PISOCKI, Appellant.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Michael Frey, Barryville, for appellant.
Law Office of Yuriy Prakhin PC, New York City (Gregory A. Nahas of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Meddaugh, J.), entered January 9, 2018 in Sullivan County, which, among other things, denied defendant's cross motion for summary judgment dismissing the amended complaint.
Plaintiff, who is defendant's son, fell from a ladder while climbing to the roof of defendant's rental property to inspect a chimney that needed repairs. Plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241, as well as a separate cause of action alleging violations of the Industrial Code. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability pursuant to Labor Law §§ 200 and 240 (1). Defendant cross-moved for summary judgment dismissing the amended complaint in its entirety. Supreme Court denied the motion and the cross motion. Defendant appeals.
Supreme Court denied defendant's cross motion on several grounds, finding triable issues of fact as to whether plaintiff was entitled to the protections of the Labor Law and the Industrial Code and whether defendant's negligence caused plaintiff's injuries. We first address the issue of plaintiff's status as an employee. The Labor Law defines an employee as a "mechanic, work[er] or laborer working for another for hire" (Labor Law § 2 [5] [emphasis added]). The protections of Labor Law §§ 200, 240 (1) and 241 extend to workers who have employment relationships with an owner, contractor or agent and do "not apply to a volunteer who performs a service gratuitously" (Stringer v Musacchia, 11 NY3d 212, 215 [2008]; see Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [1990]; Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [1979]; Hill v Country Club Acres, Inc., 134 AD3d 1267, 1267 [2015]). Three characteristics typically indicate that a person is working for hire: the person has agreed to perform a service in exchange for compensation; the employer may, but need not always, direct and supervise the manner and method of the work; and "the employer usually decides whether the task undertaken by the employee has been completed satisfactorily" (Stringer v Musacchia, 11 NY3d at 215-216).
At the time of the accident, plaintiff resided in the home of defendant and her husband, who was plaintiff's stepfather. The residence is adjacent to the separate rental property where the accident occurred. The tenant discovered that the chimney of the rental property was damaged following a storm, when he found broken pieces of the chimney cap on the ground. Defendant testified that upon plaintiff's return from work on the day of the accident, she asked him to inspect the chimney to see if the repair could be carried out by purchasing replacement parts, or whether it would be necessary to hire a contractor to perform a more complex repair. She had already put an extension ladder in place for plaintiff to use to reach the roof. This ladder belonged to defendant. It had been stored on the rental property for years, but defendant had never used it or seen anyone use it. Defendant testified that she instructed plaintiff on what to look for before he began to climb. She stated that she was standing nearby, but was not watching when plaintiff and the ladder fell to the ground.
Defendant testified that she had paid plaintiff to perform previous repairs on the rental property because "[she] might as well pay [her] own child," rather than hire an outside contractor. Defendant was not planning to pay plaintiff for the task of determining what repairs were needed on the chimney, but stated that she would have paid him if he had carried out the ultimate repair. Plaintiff averred that he had not told defendant that he would charge a fee for inspecting the chimney, but that he and defendant had a longstanding agreement by which she paid him $100 each time he performed a repair. He stated that he thus expected to be paid when the chimney project was complete, whether or not he needed assistance in carrying it out.
Upon her cross motion for summary judgment, defendant relies upon her testimony that she did not intend to pay plaintiff for the inspection task, as well as plaintiff's testimony that he had performed other volunteer services for friends and neighbors, such as plowing snow and repairing mailboxes, without requesting or expecting payment. Defendant also relies upon her familial relationship with plaintiff, her age,[FN1] plaintiff's employment outside the construction industry, and plaintiff's testimony that he stored tools in defendant's home as indicators that he was not an employee within the meaning of the Labor Law. However, defendant's testimony also established that she directed plaintiff on what to do when he inspected the chimney, had previously paid him for repairs and would have paid him if he had carried out the chimney cap repairs. We agree with Supreme Court that this testimony presents a triable issue of fact as to whether plaintiff was a volunteer or an employee within the meaning of the Labor Law and the Industrial Code (see Curatolo v Postiglione, 2 AD3d 480, 481 [2003]; 12 NYCRR 23-1.3; see also Lysiak v Murray Realty Co., 227 AD2d 746, 747-748 [1996]; Marks v Morehouse, 222 AD2d 785, 787 [1995]; compare Benamati v McSkimming, 8 AD3d 815, 816-817 [2004]). Defendant thus failed to make a prima facie showing of entitlement to judgment as a matter of law on this issue, without regard to the adequacy of plaintiff's opposition (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We also find a triable issue of fact as to whether the chimney inspection that plaintiff was attempting to perform when he fell was within the scope of activities protected by the Labor Law. "[W]hether inspection work falls within the purview of Labor Law § 240 (1) and § 241 (6) 'must be determined on a case-by-case basis, depending on the context of the work'" (Nelson v Sweet Assoc., Inc., 15 AD3d 714, 715 [2005], quoting Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 883 [2003]). A worker who carries out an inspection for solely investigatory purposes, when no covered activities have yet been undertaken and when those activities will be carried out by a separate contractor, does not fall within the Labor Law's protections (see Martinez v City of New York, 93 NY2d 322, 326 [1999]; see also Beehner v Eckerd Corp., 3 NY3d 751, 752 [2004]). The fact that the purpose of such an inspection may be to plan future covered activities — such as the identification of asbestos for subsequent removal in Martinez, or the inspection of the damaged chimney here — does not necessarily alter the result, as the Court of Appeals has held that a test "focused on whether [a] plaintiff's work was an 'integral and necessary part' of a larger project . . . improperly enlarges the reach of [Labor Law § 240 (1)] [*2]beyond its clear terms" (Martinez v City of New York, 93 NY2d at 326; see Rogers v C/S Assoc. Ltd. Partnership I, 273 AD2d 523, 524 [2000]). However, an inspection may be within the statutory coverage when it is "on-going and contemporaneous with" repairs, construction or other covered activities being carried on under the same contract as the inspection, or when it is part of an employee's work for an employer who has been hired to perform a covered activity (Nelson v Sweet Assoc., Inc., 15 AD3d at 715; see e.g. Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 880-883; Fedrich v Granite Bldg. 2, LLC, 165 AD3d 754, 758 [2018]; Pakenham v Westmere Realty, LLC, 58 AD3d 986, 988 [2009]; England v Vacri Constr. Corp., 24 AD3d 1122, 1123 [2005]; Bagshaw v Network Serv. Mgt., 4 AD3d 831, 832-833 [2004]).
Plaintiff testified that he planned to inspect the chimney to see what repairs were needed and to take measurements for replacement parts. He stated that he did not intend to carry out any repairs on that evening; indeed, the only tool that he took with him was a tape measure. However, as previously noted, defendant had not yet decided whether plaintiff or an outside contractor would perform the repairs. This decision hinged upon the results of plaintiff's inspection, which was never completed due to his fall. "[T]he relevant inquiry here is not whether
. . . plaintiff picked up a tool to effect a repair, but whether he had been hired to take any part in the repair work" (Campisi v Epos Contr. Corp., 299 AD2d 4, 8 [2002]). As plaintiff and defendant both anticipated that plaintiff would carry out the repair if his inspection revealed that this would be feasible, this record does not permit a determination as a matter of law that the chimney inspection was "a separate phase easily distinguishable from" the actual repair, and thus outside the statutory protection (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 881; compare Bagshaw v Network Serv. Mgt., 4 AD3d at 832-833; Ciesielski v Buffalo Indus. Park, 299 AD2d 817, 818 [2002]; see also Caraciolo v 800 Second Ave. Condominium, 294 AD2d 200, 202 [2002]).
Finally, we agree with Supreme Court that triable issues of fact as to defendant's supervision and control preclude the dismissal of the causes of action alleging common-law negligence and violations of Labor Law § 200. "[Labor Law § 200] is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work" (Lombardi v Stout, 80 NY2d 290, 294 [1992]; accord Goad v Southern Elec. Intl., 304 AD2d 887, 888 [2003]; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1992]). To prevail on claims against a landowner under this statute and in common-law negligence, a plaintiff must establish "that the owner . . . both exercised supervisory control over the operation and had actual or constructive knowledge of the unsafe manner in which the work was being performed" (Lyon v Kuhn, 279 AD2d 760, 761 [2001]; accord Rought v Price Chopper Operating Co., Inc., 73 AD3d 1414, 1416 [2010]). This requires a showing that the owner "supervised or controlled the very manner or methods by which [the plaintiff] did his [or her] work or that it exercised direct supervision and control over his [or her] work at the time of the accident" (Shields v General Elec. Co., 3 AD3d 715, 716-717 [2004]). Although defendant asserts that she did not supervise plaintiff's work and did not tell him how to use the ladder, her own testimony establishes that the ladder belonged to her and that she put it in place — allegedly on uneven ground — without plaintiff's participation, directed him to use the ladder, and told him what to do in inspecting the chimney. Thus, there is a triable issue of fact as to whether defendant exercised supervisory control over the manner and methods by which plaintiff performed the task of inspecting the chimney (see Coates v Kraft Foods, 263 AD2d 734, 736 [1999]; compare Bombard v Pruiksma, 110 AD3d 1304, 1306 [2013]; Snyder v Gnall, 57 AD3d 1289, 1291 [2008]). For these reasons, we find no error in Supreme Court's denial of defendant's cross motion for summary judgment dismissing the complaint.
Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Defendant was in her late 60s.