Ballard v Beard (2026 NY Slip Op 01260)

Ballard v Beard

2026 NY Slip Op 01260

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-1602
[*1]Charles J. Ballard, Respondent,
vRichard Alex Beard, Also Known as Richard A. Beard, Appellant. (And a Third-Party Action.)

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

Lambiase & Smith, Goshen (George A. Smith of counsel), for appellant.
Conway & Kirby, PLLC, Delmar (Andrew W. Kirby of counsel), for respondent.

Powers, J.
Appeal from an order of the Supreme Court (Daniel Lynch, J.), entered September 12, 2024 in Columbia County, which denied defendant's motion for summary judgment dismissing the complaint.
In August 2019, plaintiff was performing renovation work at defendant's vacation home, located in Columbia County, when he fell into a hole that had been excavated for the installation of a Bilco door in the basement of the home. Plaintiff sustained injuries to his head and neck requiring surgical intervention and, subsequently, commenced this action against defendant alleging claims under Labor Law §§ 200 (1), 240 (1) and 241 (6), as well as common-law negligence. Defendant answered and then filed a third-party action against Ralph Pesce, whom he had hired to assist in these renovations, seeking contribution and indemnification. Following completion of discovery, defendant moved for summary judgment dismissing the complaint on the basis that he is exempt from liability under the Labor Law as the owner of a single-family dwelling who did not direct or control the injury-producing work. Concurring with plaintiff's opposition, Supreme Court found that plaintiff had raised material issues of fact in opposition as to whether defendant had directed or controlled the installation of the door and, based upon that determination, denied defendant's motion. Defendant appeals.
It is well settled that, pursuant to Labor Law § 240 (1), contractors, owners and their agents are required to protect against elevation-related hazards by providing adequate safety devices, and the failure to do so will result in liability for any injuries that are proximately caused by such failure (see Barnhardt v Richard G. Rosetti, LLC, 216 AD3d 1295, 1296 [3d Dept 2023], lv dismissed 40 NY3d 1005 [2023]; Fabiano v State of New York, 123 AD3d 1262, 1263 [3d Dept 2014], lv dismissed 25 NY3d 957 [2015]). Similarly, "Labor Law § 241 (6) imposes a nondelegable duty upon owners, contractors and their agents to provide adequate protection and safety for workers and, to establish a claim under this section, a plaintiff must allege that the defendants violated a rule or regulation promulgated by the Commissioner of Labor that sets forth a specific standard of conduct" (Borelli v JB IV, LLC, 209 AD3d 1121, 1123 [3d Dept 2022] [internal quotation marks and citations omitted]). "[T]he Legislature has carved out an exemption [under both provisions] for the owners of one- and two-family dwellings who contract for but do not direct or control the work" (Whiting v Nau, 211 AD3d 1214, 1215 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see generally Cannon v Putnam, 76 NY2d 644, 649-650 [1990]). "The exception was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability imposed by" the Labor Law (Lombardi v Stout, 80 NY2d 290, 296 [1992]; accord Sanchez v Marticorena, [*2]103 AD3d 1057, 1059 [3d Dept 2013]; see Bartoo v Buell, 87 NY2d 362, 368 [1996]; Vogler v Perrault, 149 AD3d 1298, 1298 [3d Dept 2017]). "[T]he phrase 'direct or control' is to be strictly construed and, in ascertaining whether a particular homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured party" (Bombard v Pruiksma, 110 AD3d 1304, 1305 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]).
Among other things, defendant supplied his own deposition testimony as well as that of his wife and plaintiff to support his motion for summary judgment. Defendant — who works in real estate but, as is relevant here, not construction or renovation — testified that he had hired Pesce to act as a general contractor for the project. Defendant did not ask Pesce if he had either workers' compensation or liability insurance. Pesce did not provide an estimate of the projected cost of the necessary renovations. Rather, under their agreement, plaintiff was to reimburse Pesce for material and labor costs on a weekly basis as these costs accumulated. Additionally, it was Pesce's obligation to hire a crew and, as a result, Pesce hired plaintiff to perform certain work. Notably, defendant specifically denied having instructed Pesce to install the Bilco door or having discussed installation thereof with Pesce. During his deposition, plaintiff confirmed that Pesce had hired him, paid him weekly, supplied necessary materials and instructed him on what tasks to complete. Plaintiff explained that he did not recall discussing installation of the door with defendant, but that Pesce had informed him the night prior to the accident that blocks needed to be brought to the jobsite for the purpose of installing the door. As Supreme Court found, this proof satisfied defendant's prima facie burden of demonstrating that the homeowner's exemption applied because he did not direct or control the injury-producing work (see Capuzzi v Fuller, 200 AD3d 1448, 1449 [3d Dept 2021]; Pelham v Moracco, LLC, 172 AD3d 1689, 1691 [3d Dept 2019]; Bombard v Pruiksma, 110 AD3d at 1305; cf. Nusbaum v 1455 Wash. Ave., LLC., 240 AD3d 1113, 1116-1117 [3d Dept 2025]). Consequently, the burden shifted to plaintiff to demonstrate a triable issue of fact as to defendant's supervision or control.
In opposition to defendant's motion, plaintiff provided Pesce's deposition testimony during which he labeled himself as the project "foreman" and defendant's "agent." Pesce denied having been the general contractor, clarifying that he has served as a general contractor in the past, and, if he had been the general contractor for this project, he would have provided defendant with an estimate of the total cost prior to commencement of the renovation work, which he did not do. Instead, Pesce was paid for his labor on an hourly basis and as certain aspects [*3]of the project were completed. He admitted that he handled remitting payment received from defendant to individual laborers, but only when defendant was not present to do so himself. Pesce explained that it was defendant who paid for all supplies, tools and equipment and that it was he and his wife who directed the major aspects of the renovation. Plaintiff also provided affirmations from laborers who worked on the project in which they confirmed that they were hired by defendant, not Pesce, and that defendant had personally directed the work to be performed. One individual, who Pesce described as being in charge on the day of the accident, unambiguously affirmed that it was defendant who directed, upon advice from a family member, that the door be relocated and that, to complete this task, defendant hired additional laborers and purchased all necessary tools and supplies. Based upon this proof, Supreme Court correctly found that plaintiff raised a material issue of fact in opposition as to whether defendant exercised the requisite direction or control so as render the exemption for one- and two-family homeowners inapplicable (compare Capuzzi v Fuller, 200 AD3d at 1450; Pelham v Moracco, LLC, 172 AD3d at 1691; Bombard v Pruiksma, 110 AD3d at 1306).
As to plaintiff's Labor Law § 200 claim, this provision "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Abreu v Rodriguez, 195 AD3d 1277, 1278 [3d Dept 2021] [internal quotation marks and citations omitted]). Pursuant thereto, "[w]hen an injury is caused by a dangerous condition at the job site, a showing of control of the place of injury and actual or constructive notice of the unsafe condition is required to establish liability" (James v Marini Homes, LLC, 234 AD3d 1078, 1081 [3d Dept 2025] [internal quotation marks and citation omitted]; see Schoonover v Diaz, 222 AD3d 1244, 1248 [3d Dept 2023]). "[G]eneral supervisory control is insufficient" to impose such liability, as "[l]iability will only be imposed where there was the authority to control the activity bringing about the injury to enable the owners to avoid or correct an unsafe condition" (Schoonover v Diaz, 222 AD3d at 1249 [internal quotation marks, brackets and citations omitted]). As the proof described above raises similar questions of fact as to plaintiff's Labor Law § 200 and common-law negligence claims, Supreme Court appropriately denied defendant's motion relevant thereto (see James v Marini Homes, LLC, 234 AD3d at 1082; compare Peck v Szwarcberg, 122 AD3d 1216, 1220 [3d Dept 2014]).[FN1]
Garry, P.J., Clark, Pritzker and Corcoran, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Defendant now also seems to argue that the open and obvious nature of the hole into which plaintiff fell precludes a finding of negligence. However, his brief proclamations before Supreme Court — which were unaccompanied by any legal arguments or support — were inadequate to put the court on notice of this potential issue. As a result, this argument is unpreserved for review by this Court (see generally Schultz v Albany Med. Ctr. Hosp., 238 AD3d 1286, 1289 [3d Dept 2025]; Halpin v Banks, 231 AD3d 1337, 1339 n 2 [3d Dept 2024]). Nevertheless, we briefly note that "the open and obvious nature of an allegedly dangerous condition does not, standing alone, necessarily obviate [the] duty to maintain the worksite in a reasonably safe condition" (Sullivan v Flynn, 244 AD3d 1354, 1356 [3d Dept 2025] [internal quotation marks, brackets and citation omitted]).